LUCY B. BRIGGS & another *vs.* WALTER S. BARKER.

Plymouth. Oct. 18. — Nov. 23, 1887. C. ALLEN & KNOWLTON, JJ., absent.

If an appellant from a decree of the Probate Court, who claims his appeal seasonably, gives due notice thereof, and duly files and serves on the adverse party his reasons of appeal, omits, through accident and mistake, to enter his appeal in this court at the proper time, he is not entitled, under the Pub. Sts. c. 156, §§ 9, 10, to maintain a petition to this court for leave to enter the appeal, filed more than a year after the decree of the Probate Court was rendered.

PETITION to this court, dated May 10, 1887, for leave to enter an appeal from a decree of the Probate Court, rendered on April 12, 1886, admitting to probate an instrument purporting to be the last will of Waters B. Barker. Hearing before *C. Allen*, J., who ruled that the petition was not seasonably filed, and that the appeal could not be entered; and the petitioners alleged exceptions, which appear in the opinion.

*J. F. Simmons*, for the petitioners.
*D. E. Damon*, for the respondent.

DEVENS, J. The appeal from the decree of the Probate Court was seasonably claimed, notice thereof was duly given,

and the reasons of appeal duly filed and served on the adverse party. Through accident and mistake on the part of the appellants, the appeal was not entered at the June Rules, 1886, and the present petition was filed more than a year after the decree of the Probate Court had been rendered. The petitioners do not contend that they are entitled under any provision of the statute now to enter their appeal, but urge that the court may permit them so to do by virtue of its general equity powers.

The right to appeal from the decision of the Probate Court depends upon the statute, which, for obvious reasons, requires that it shall be exercised within a fixed reasonable time. It further provides such safeguards as are deemed necessary to avoid the consequences of any accident or mistake of a party in exercising his right. The Pub. Sts. c. 156, §§ 7, 8, provide when the appeal shall be claimed, when notice thereof shall be given, and when the same shall be entered in the Supreme Judicial Court, and, further, for the filing of the reasons of appeal and the service thereof upon the adverse party. Section 9 provides that, where "a person aggrieved omits to claim or prosecute his appeal, without default on his part," the Supreme Court of Probate may, if justice requires a revision of the case, permit him to enter and prosecute such appeal. Section 10 provides that such appeal shall not be allowed unless the petition is filed within one year after the passing of the decree or order complained of. Provision is made for petitioners who are without the United States, which has no application to the present petitioners.

Section 10 therefore distinctly forbids the allowance of the petition in the case at bar, if the petitioners have omitted to claim or prosecute their appeal, without default on their part, as more than a year had expired since the decree complained of was rendered, when the petition was filed.

The contention of the petitioners is that they have not omitted to claim or prosecute their appeal, and that the failure to enter their appeal in this court is not a failure to prosecute. They urge that this is merely an omission to take one step in the formality required by the statute. This contention cannot be maintained. It is a failure to prosecute where the party claiming to be aggrieved fails to do what is necessary in order

to bring his appeal before the appellate court. He thus prevents the execution of the decree appealed from by the court below, or the entry of another decree by this court, unless the adverse party by some petition brings the case before it. As the petition was not seasonably filed, the court has now no authority to grant it. *Decree affirmed.*