## WILLIAM MURPHY *vs.* WILLIAM P. WALKER.

Middlesex. Jan. 30, 1880. — July 15, 1881. MORTON, FIELD & DEVENS, JJ., absent.

The guardian of an insane person, who had been engaged in a manufacturing business, continued to carry on the business, either at the request or with the concurrence of all parties interested in the ward's estate, the result of which was advantageous to the estate. The business required storage room, and the guardian erected a building for such purposes on land of the ward's wife, and charged the cost of the building to the ward's estate; but this charge was disallowed by the Probate Court, and he was required to account to the estate in money for the amount so charged. *Held*, that the guardian was entitled to charge the estate a reasonable rent for the building.

A question, not specified as one of the reasons of appeal from a decree of the Probate Court, is not open at the hearing of the appeal in this court.

LORD, J. This case comes before us on an appeal taken by both parties from a decree of the judge of probate upon the final account of the guardianship of William P. Walker by the guardian, William Murphy. The case was heard by a single justice, and he ordered a decree modifying the decree of the judge of probate, by allowing to the guardian the sum of $500 for extra labor and expense in making up his guardianship account, of which sum the judge of probate had allowed only $300; and in all other respects affirmed the decree of the judge of probate. Both parties appeal; and, in order to determine the correctness of the decision of the single judge, it becomes necessary to consider the decree of the Probate Court, and the reasons assigned by the respective parties for the objections thereto. The only objections to such decree which the ward has brought to this court were these:

" First. Because said accountant is allowed by said decree the sum of $1250 of the item No. 4 of his schedule B, and appellant claiming that the said accountant should not have been allowed any of said item.

" Second. Because said accountant is allowed item No. 7 of said schedule B, viz. $777.78, and $300 of item 8, etc."

The objection of the guardian was, first, to the disallowance of $750 of item 4 in schedule B of his account, and, second, to the disallowance of the $200 in item 8 of said schedule.

The single justice having restored the last item to the credit of the guardian in his account, he is dissatisfied with the decision of the single justice only in reference to the other item.

Upon reference to the account, it appears that both parties appealed from the decision of the Probate Court upon the same subject; that was, a charge by the guardian for the rent of a building used in carrying on the business of the ward. The guardian contends that he should be allowed $2000 as rent of the building; the ward contends that he should be allowed nothing for such rent. The judge of probate allowed him $1250, and that allowance was affirmed by the single justice of this court. The mode in which the question arises is this:

The ward is an insane person, who had been engaged in the business of manufacturing lasts; and the guardian, either at the request or with the concurrence of all parties interested in

the ward's estate, continued to carry on the business, the result of which was very advantageous to the estate. The business required much storage room; such room had been hired, and the guardian was notified that it must be given up. He thereupon deemed it necessary to erect a building for such purposes, and did so; and in a former account charged the cost of such building to his ward's estate. The building was erected upon land of the ward's wife, and so was either a chattel or was attached to the freehold, and became the real estate of the ward's wife. The judge of probate disallowed the charge for erecting the building, and required the guardian to account to the ward's estate in money for the amount so charged; and the question between the parties is, first, whether, as matter of law, anything can be charged as rent; and, second, as matter of fact, what is a reasonable charge.

The business of the ward having been carried on with advantage to the estate, and the fruits of such business having gone into the estate, the reasonable and necessary expenses by which that benefit was obtained should certainly be borne by the estate. It will be observed that no question is before us as to the propriety of the guardian's carrying on the business. It was done with the concurrence of all parties. Whether, if there had been a loss in the business, the guardian or the ward's estate should have borne that loss, is not before us. There was, in fact, a gain, which the estate received. While the guardian was carrying on the business and hiring storage room, there could be no complaint that he paid rent for such storage; and having furnished it himself, there is no reason why he should not be allowed compensation for it. It is true, that he should not be allowed to furnish that or anything else to the estate and fix his own price for it; and it is the duty of the judge of probate carefully to scrutinize every such claim of the guardian; and we see no reason to doubt that he has carefully done so in this case. It is to be borne in mind that the position in which the guardian found himself was an involuntary one. When he erected the building, he supposed he was erecting it for the ward, and to become a part of the ward's estate, in which he was to have no personal interest whatever; and there is no suggestion that his whole conduct was not in the utmost good

faith. It appears, also, that the guardian has no land upon which he can place the building, and that a sale of the building as personal property must be at great loss, which circumstances may properly enter into consideration in determining a reasonable sum to be allowed for the use of a building erected under the circumstances and with the concurrence of those interested in the estate, who now seek to impose this burden upon the guardian. Indeed, it is difficult to understand the objection to this item, for the counsel for the ward in his brief says, " $1250 was a fair rent, as appears by the evidence." We therefore do not think that a case has been made sufficient to justify us in the reversal of a decree of the judge of probate which has been affirmed by a justice of this court.

Upon the question of a *quantum meruit* for extra services and expenses in preparing the accounts for settlement at the Probate Court, we feel also that there is no occasion for our interference. Certainly enough appears to show that the position of the guardian, especially during the latter part of his administration, was one of much annoyance and vexation, as well as of serious labor and trouble. The amount of property in his charge and the extent of the business transacted by him were very considerable, and he was obliged to furnish sureties upon a bond to a large amount; and we see no reason why the decree of the justice of this court should not be affirmed. It is true that, at the argument of the case, and in the reasons of appeal from the single justice, the counsel for the ward contends that he should have been allowed interest upon the balance found to be due from the guardian to the estate; but this matter is not open to him. *Boynton* v. *Dyer*, 18 Pick. 1. No reason of that kind is among the reasons of appeal from the judge of probate, and certainly the ward is quite as responsible for the delay of the guardian to pay the balance found to be due from him as any one.

The decree of the single justice of this court should be affirmed, and the case remitted to the Probate Court for further proceedings.                          *Decree accordingly.*

*H. Stevens*, for the guardian.

*L. M. Child*, for the ward.

## MEMORANDUM.

ON the ninth day of August 1881, the Honorable JAMES D. COLT died at Pittsfield, where he resided, having held the office of an associate justice of this court since the fourteenth day of February 1868.

## MEMORANDUM.

ON the fifth day of September 1881, the Honorable WILLIAM ALLEN, one of the justices of the Superior Court, was appointed a justice of this court, in place of Mr. Justice COLT deceased, and took his seat upon the bench on the thirteenth day of the same month at the term of the court then held at Pittsfield in and for the county of Berkshire.