GEORGE S. HARRIS & another *vs.* JOHN F. HARRIS.

Essex. November 5, 1890. — April 1, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Probate Appeal — Reasons of Appeal — Partnership — Equitable Interest in Real Estate.*

The Probate Court decided that an interest in real estate was personal property, and charged an executor therewith in his account. An appeal was taken from the decree, and the reason of appeal filed under the Pub. Sts. c. 156, § 8, was that the executor was not charged to the full value of such interest. *Held,* that it was open to the executor to show that he was not chargeable with such interest at all.

An addition was made with partnership funds to a factory used by a firm, but owned together with the land under it by one of the partners, who made no express agreement that the addition should be considered as the personal property of the firm with a right of removal; nor could it be inferred from its nature or construction that he ever intended or consented that it should be removed or severed from the soil. There were at all times firm assets enough, exclusive of the land and building, to pay all its debts or any balance due to either partner. *Held,* that the firm's interest in the addition must be taken to be an equitable right in real estate, and that the share therein of a deceased partner other than such owner was to be treated as real estate.

APPEAL by George S. Harris, junior, and Mary H. Brown, formerly Mary H. Harris, from a decree of the Probate Court

settling the account of John F. Harris, surviving executor of the estate of George S. Harris, senior, by treating as personal property belonging to the estate an undivided interest in a factory, and charging the executor for the same to the amount of $1,100. The only reason of appeal which is material was as follows: "Fourth. Because the judge allowed the executor to settle his accounts by allowing $1,100 only as the value of George S. Harris's interest in the factory of Joseph Harris and Sons, which factory was personal property, and which interest in said factory was worth much more than $1,100, to wit, the sum of $5,000."

The case was sent to a master, whose report was in substance as follows. The testator before 1862 formed a partnership to manufacture shoes with his father, Joseph Harris, and a brother, under the name of Joseph Harris and Sons, each with an equal interest in the business. The firm carried on their business in a factory which, together with the land on which it stood, belonged, and continued to belong, to Joseph Harris, and cost about $1,300. Afterwards an addition was made to this factory at a cost of about $2,650, which was paid for out of the money of the firm. This addition was built immediately upon the rear of the original building, and partly over the same, making an additional story to the building, and was so constructed that the whole constituted one building, and could not be removed from the lot of land without the destruction of the whole building, or a very great injury to it. The building with the addition was taxed as real estate, and the taxes were paid by the firm. There was no evidence of an express agreement on the part of Joseph Harris that this addition to the building should be considered as the personal property of the firm, with the right of removal. The master found as facts, that the whole building was a permanent fixture and a part of the real estate ; that from the nature and construction of the building it could not be inferred or implied that Joseph Harris ever intended or consented that it should be removed or severed from the soil; and that whatever claim the firm of Joseph Harris and Sons had by reason of the erection of the addition was an equitable interest in the real estate. The testator died in February, 1862, and by his will gave one third of his personal estate to his wife, Mary H. Harris,

absolutely, and the residue, both real and personal, in trust for the benefit of his son, George S. Harris, junior, John F. Harris and another being made executors and trustees. The business was carried on by the surviving partners after the death of the testator, in the same factory, and his interest in the addition was appraised as real estate, and accounted for as such by John F. Harris in settling his account as surviving trustee. No claim was made on the part of the appellant, George S. Harris, junior, that he was entitled to any further sum if such interest should be held to be personal property; but the appellant, Mary H. Brown, contended that in that event she would be entitled to one third of the value of the addition, with interest.

The case was heard upon the report of the master by *Devens*, J., who reserved it for the consideration of the full court. If it was open to the executor to show that the interest in the factory was real estate, and if it should be held to be such, the decree of the Probate Court was to be reversed, and the cause remanded for further proceedings; otherwise, a decree was to be entered ordering the executor to pay to Mary H. Brown a certain amount.

*G. C. Abbott*, for the appellants.

*W. D. Northend*, for the executor.

KNOWLTON, J. The first question in this case is whether, at the hearing in this court, the appellee may attack that part of the decision of the Probate Court which held that the addition to the shoe factory was personal property. It has often been decided that, on the trial of a probate appeal, the appellant is restricted to the matters stated in the reasons of appeal filed in the case, in accordance with the requirements of § 8 of the Pub. Sts. c. 156, which was repealed by the St. of 1888, c. 290, § 1. *Boynton* v. *Dyer*, 18 Pick. 1, 4. *Murphy* v. *Walker*, 131 Mass. 341, 344. While an appeal of this kind vacates the decree, and the case is to be tried anew in this court, the method of trial under the former statute, which required the filing of reasons of appeal, differed from that of an appeal from a court of common law. The appellant was restricted to such points as were specified in his reasons of appeal, because those were the only subjects which the adverse party had been notified to be prepared to investigate. Everything else not having been objected to was deemed to have been impliedly assented to, and was presumed to be correct.

The reason of this rule does not apply to limit the rights of an appellee in a case where the appellant seeks to modify the decision of the Probate Court upon a part of a subject by appealing, and alleging as a reason of the appeal that there is error in one of two propositions which together make up the decision, and by relying on the other proposition as a foundation for a more favorable decision upon that which he seeks to modify. In such a case, while the appellant would be limited in the first instance to the points stated in his reasons of appeal, he would open to the appellee every question which was involved in the decree upon that subject. Where a controversy is whether an executor is chargeable for a certain thing as personal property, it would be unjust to the appellee to permit the appellant to attack the decree on the ground that the executor was not charged for the full value of the property, and not to permit the appellee to answer that he ought not to have been charged for it at all. The appeal in this case was taken before the repeal of the Pub. Sts. c. 156, § 8, and we are therefore called upon to consider whether the addition to the factory was real estate or personal property.

The master has found "as a fact, that the whole of the building was a permanent fixture on said lot of land, and was a part of the real estate, the legal title thereof being in Joseph Harris; and that whatever claim the firm of Joseph Harris and Sons had by reason of the erection of the addition would be an equitable interest in the real estate." This finding must control the case, if it can be supported on the evidence.

It is a familiar rule, that where there is an agreement, express or implied, between the owner of real estate and the proprietor of materials or buildings which are about to be put upon it, that when annexed to the realty they shall remain the property of the person annexing them, the law gives effect to the agreement of the parties, and the chattels, though affixed to the realty, continue to be personal property. *Curtis* v. *Riddle,* 7 Allen, 185. *Hartwell* v. *Kelly,* 117 Mass. 235. Such an agreement is implied where a building is put upon land of another with his consent, without any agreement for its removal or for a purchase of the land, unless there is something to control the implication. *Hinckley* v. *Baxter,* 13 Allen, 139.

But in the present case the master finds facts which are not

in dispute, and which show that the parties never intended that the building should remain personal property, liable to be removed by the owners. The addition was built immediately upon the rear of the original building, and partly over it, making an additional story to the first building, and was so made that the whole constituted one building, and that it could not have been removed without destroying or very greatly injuring the whole building. Without including any part of the lot or building, there were at all times sufficient assets in the copartnership for the payment of claims against it, or of any balance which might be due to either partner. There was no evidence of an express agreement on the part of Joseph Harris, the owner of the land, that the addition to the building should be considered as the personal property of the firm, with a right of removal, and the master finds as a fact, from the nature and construction of the addition, that "it could not be inferred or implied that he ever intended or consented that it should be removed or severed from the soil."

Upon these facts, there is nothing on which to found an implication of an agreement that the addition should be removable from the realty as personal property. It became a part of the real estate, the legal title to which stood in Joseph Harris, and the firm's interest in the property must be held to be an equitable right in real estate. *Ballantine* v. *Frelinghuysen*, 11 Stew. 266. *Lane* v. *Tyler*, 49 Maine, 252. In this Commonwealth, although the rule is different in England and in some parts of the United States, the interest of a deceased partner in the real estate of his firm, purchased with partnership funds, and held and used for partnership purposes, and not required for the payment of partnership debts or the adjustment of balances between the partners, is to be treated as realty in the settlement of his estate. *Wilcox* v. *Wilcox*, 13 Allen, 252. *Shearer* v. *Shearer*, 98 Mass. 107.

In the present case, the executor has properly accounted to the heir for the share of the deceased partner in the land and buildings, treating it as real estate; and the decree of the Probate Court must, in accordance with the terms of the report, be reversed, and the case remitted for further proceedings.

*So ordered.*