Rockingham, }
Dec., 1895. }

## LANE, *Ex'x*, v. HILL, *Ap't.*

Upon an appeal from a decree of the probate court, a defective statement of grievance may be amended if no new ground of appeal is added thereby.

A reason of appeal is sufficient if it shows error in the decree which, if established, will entitle the appellant to a reversal; and will not be dismissed for indefiniteness because it does not state the grounds or evidence upon which the contention of the appellant is based.

APPEAL, from a decree of the probate court approving and allowing a certain instrument as the last will and testament of George W. Lane. The first reason assigned for the appeal is: " Because said instrument was not the last will and testament of said deceased." Four other reasons were assigned, two of which were abandoned, and issues framed under the others were found by a jury in favor of the executrix.

The appellant tenders the following issue under the first reason of appeal: " That said instrument ought not to be approved and allowed as the last will and testament of George W. Lane, because she says that since the making and execution thereof the said George W. Lane in his lifetime revoked the same by making and duly executing another will, the provisions of which are inconsistent therewith and intended to revoke the same."

The executrix moves that the first reason of appeal be dismissed and for judgment affirming the decree of the probate court, because, (1) the second and third reasons of appeal having been abandoned, and the fourth and fifth determined in favor of the plaintiffs by the verdict of the jury, no further reason of appeal is alleged upon which an issue can be framed; (2) admitting, as claimed by the appellant, that a subsequent will was made by the deceased, no error is pointed out in the decision of the judge of probate, and no reason assigned why the probate of the will should not stand; (3) the first alleged reason is too loose, vague,

and general, and amounts to nothing more than that the result is wrong; and (4) it affords the plaintiff no information of the error complained of and nothing on which to prepare for trial.

The appellant moves for leave to amend the first reason of appeal by adding thereto, " because since the making and execution thereof the said George W. Lane in his lifetime revoked the same by making and duly executing another will, the provisions of which are inconsistent therewith and intended to revoke the same." The issue of revocation was intended to be raised by the first reason of appeal.

*Greenleaf K. Bartlett* and *Henry B. Atherton*, for the plaintiff.

*Eastman, Young & O'Neill*, for the defendant.

PARSONS, J. The only reason now undisposed of assigned by the appellant for her appeal from the decree of the probate court approving and allowing the will whose validity is in dispute, is " because said instrument was not the last will and testament of said deceased." The appellee moves to dismiss the remaining reason of appeal and for judgment. This motion is, in effect, a motion to dismiss the appeal for insufficiency in the reason assigned, and is in the nature of a demurrer and admits all facts stated in the reason of appeal. *Eastman* v. *Barnes*, 62 N. H. 630, 631; *Doughty* v. *Little*, 61 N. H. 365, 366; *Waldron* v. *Woodman*, 58 N. H. 15. The appellant claims that this allegation means that the instrument admitted to probate was not the will of the deceased. If the probate court has allowed as the will of the deceased an instrument which is not in fact his will, that fact would seem to constitute a sufficient reason why the decree of the probate court should be reversed. But the appellee claims that the reason is simply a statement that, as matter of fact, the instrument probated is not the last paper executed by the deceased as a will, and that, from the admission of this fact by demurrer, no conclusion of law necessarily follows that this instrument was not entitled to probate as a will. If the appellant is to be held to the strict rules of pleading contended for by the appellee, it is manifest that the objection goes to the method of statement employed by the appellant and not to the substance of the grievance complained of. Whether, despite the previous contrary holding (*Patrick* v. *Cowles*, 45 N. H. 553, 554; *Rowell* v. *Conner*, 57 N. H. 323, 324) and contrary to the repeated adjudications, that upon an appeal from the probate court the only questions that can be considered by this court are the grievances specified in the reasons of appeal (*Bean* v. *Burleigh*, 4 N. H. 550; *Mathes* v. *Bennett*, 21 N. H. 188, 200, 201; *Hatch* v. *Purcell*, 21 N. H. 544, 550; *Twitchell* v. *Smith*, 35 N. H. 48, 50; *Patrick* v.

*Cowles*, 45 N. H. 553; *Caswell* v. *Hill*, 47 N. H. 407, 408; *Dodge*
v. *Stickney*, 60 N. H. 461; *Simmons* v. *Goodell*, 63 N. H. 458, 460;
*Boynton* v. *Dyer*, 18 Pick. 1; *Slack* v. *Slack*, 123 Mass. 443; *Murphy* v. *Walker*, 131 Mass. 341), under the present state of the law
an amendment to a probate appeal introducing a new and distinct grievance — a new reason for appeal not stated in any form
in the original reasons — is now allowable, if necessary for the
prevention of gross injustice (P. S., *c.* 222, *s.* 8), it is not now
necessary to determine. For the objection of the appellee now
under consideration is to form, not substance, and so far, at least,
as method of statement is concerned, the reasons of appeal must
be considered pleading and amendable. The substance of the
appellant's grievance is the admission to probate of an instrument not in law entitled to probate for the reason assigned,—
that it was not the testator's will. According to the authorities
cited (*Patrick* v. *Cowles* and *Rowell* v. *Conner, supra*), a defective
statement of grievance can be amended if no new ground or
grievance is added by the amendment. If an amendment is
necessary to obviate the objection, it may be made by striking
out the word " last." It is certainly at least questionable whether
any amendment is necessary. Though in common phrase any
paper executed in testamentary form is called a will, in a legal
sense the testator's will is a paper executed and existing under
such circumstances as entitle it to probate. In this sense the
word " last " adds nothing, and the phrase used in the appeal is
a denial that the instrument was in fact a will.

The appellee further objects that the reason is too indefinite
and general, in effect; that it does not set out the grounds, views,
or evidence upon which the appellant claims the instrument is
not the testator's will. This is unnecessary. The reason is sufficient if it shows error in the decree which, if established, will
entitle the appellant to a reversal. *Eastman* v. *Barnes, Doughty*
v. *Little, Waldron* v. *Woodman,* cited *supra.* " The appellant is
not confined to the same arguments, views, or evidence which
were presented before the probate court." *Boynton* v. *Dyer,* 18
Pick. 1. " There is nothing in *Bean* v. *Burleigh* which gives
countenance to the position that the petitioner is required to set
out his reasons in the nature of an argument against the decree,
or to go into particular circumstances on which he may rely in
evidence." *Holt* v. *Smart,* 46 N. H. 9, 10, 11. " The appellant is
at liberty to state as many reasons as he chooses, and to bring
into litigation every part of the proceedings in the court below."
*Bean* v. *Burleigh,* 4 N. H. 550, 553. The correctness of the conclusion of the probate court depended upon various findings of
fact and law. If the appellant was satisfied with the findings of
the probate court upon a portion of the questions embraced in
the judgment, she might have limited her appeal by specifying

in her reasons the findings upon such points only as seemed to her objectionable, as insanity in the testator, non-execution, undue influence, or revocation, but she was not obliged to limit her appeal to a portion of the matters embraced in the judgment. After giving a legal reason for error in the judgment, she was not called on to allege further reasons for the correctness of the reason assigned, or to state the grounds or evidence by which she proposed to establish her contention. Having assigned a sufficient reason,— that the instrument probated was not the testator's will,— she was not compelled to go further and assign as a foundation for that reason some other sufficient reason, as non-execution, insanity, or revocation. If she had alleged a revocation, she would not have been compelled to go further and state whether she claimed a revocation by express act, by burning, tearing, by execution of another will, or to state the evidence by which she proposed to establish her contention ; nor if she alleged non-execution, would she have been obliged to set out the particulars in which she claimed the execution defective ; nor would an allegation of duress, fraud, or undue influence, have compelled her to allege the details of the charge made. The only obligation upon her was to state a legally sufficient reason, which she has done.

The whole question of the validity of the will being brought to this court by the reason of appeal, any disputed question of fact, the decision of which is material to the question, may be determined by a jury. The issue of revocation tendered presents such a question, and should be allowed. If the reason is too indefinite, the objection may be met by requiring a specification of the appellant. *Rowell* v. *Conner*, 57 N. H. 323. In an appeal of this nature, the issues tendered, in effect, amount to such a specification. While a jury can pass only upon matters of fact, an appeal from the probate court is not limited to errors of fact made by that tribunal, but mistakes of law are equally revisable here ; hence, a statement that embraces both matter of fact and matter of law, though improper as an issue to the jury (*Lane* v. *Hall, ante, p.* 275), is not objectionable as a reason of appeal.

*Case discharged.*

All concurred.