MIRICK H. COWDEN, administrator, *vs.* HATTIE H. JACOBSON.

Worcester. September 30, 1895. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Probate Appeal — Ancillary Administration — Administrator's Account.*

On the trial of a probate appeal, the appellant is restricted to the matters stated in the reasons of appeal filed in the case.

If an intestate leaves real and personal property in the State of his domicil and only real estate here, the same person having been appointed administrator of both estates, the real estate here constitutes a fund for the payment of debts in this Commonwealth, and the administrator is not bound to see that either estate

is exonerated at the expense of the other, but he is required to administer and dispose of each estate in good faith according to the laws of the State in which it is situated.

Though administration here is ancillary to that in another State, yet expenses for the services of an undertaker and for digging the grave of the intestate, whose remains were brought into this Commonwealth, although incurred before but not paid till after the settlement of the account in the State of the intestate's domicil, and not included in it, are to be regarded as incurred by the ancillary administrator in the due course of his administration of the estate in this Commonwealth, and as such they should be paid out of the property available here for the payment of demands due to creditors residing in this State.

APPEAL, by the administrator of the estate of Jennie C. Chase, from a decree of the Probate Court, disallowing certain items in his first account as administrator.

Hearing before *Field*, C. J., who reported the case for the determination of the full court.    The facts appear in the opinion.

The case was argued at the bar in September, 1895, and afterwards was submitted on the briefs to all the judges.

*B. W. Potter*, for the appellant.

*G. H. Mellen*, for the appellee.

MORTON, J.   This is an appeal by an administrator from a decree of the Probate Court in Worcester County disallowing certain items in his account.   At the hearing before the Chief Justice, the appellee desired to contest other items in the account besides those involved in the appeal of the administrator, but the court ruled that it was not open to her to contest other independent items.   The appellee does not question now the correctness of the ruling, and we think that it clearly was right. *Boynton* v. *Dyer*, 18 Pick. 1.   *Harris* v. *Harris*, 153 Mass. 439.

The principal matter in dispute relates to the disallowance of the payment by the administrator of a note held against the intestate at her decease by Walter B. Chase of Sutton in this State, an heir at law.   The intestate lived in Connecticut, where she possessed real and personal estate.   She also possessed real estate in Sutton.   The appellant, who lives in Worcester, was appointed administrator in both States.   The next of kin were Walter B. Chase aforesaid, a brother, and one Hattie H. Jacobson of Portland, Maine, a half sister.   By the laws of Connecticut kindred of the whole blood take to the exclusion of the half blood.   There were debts of the intestate in this State, consisting of the note to Chase, and of unpaid taxes on the estate in Sut-

ton. During the settlement of the estate in Connecticut, the note was presented by Chase to the judge of probate, as it is provided by the Connecticut statutes may be done with claims when the administrator lives out of the State (Gen. Sts. of Conn. of 1888, § 582), and he, on learning that there was estate of the deceased in this Commonwealth, declined to allow it on the same grounds as debts due Connecticut creditors, and the note was not allowed, and does not seem to have been presented again to that court. Subsequently the administrator in Connecticut, having settled his account with the estate in the Probate Court there, and having in his hands for distribution, as appeared from said account, $1,425.13 in personal estate, was ordered by the Probate Court under the statute for such cases made and provided (Gen. Sts. of Conn. of 1888, § 628) to pay the same to said Chase as the heir at law, and did so. The estate in Sutton, was sold by the administrator pursuant to license from the Probate Court, and the note was paid out of the proceeds. The appellee, who was a minor, had notice of the petition to sell the real estate in Sutton, and also of the action of the court in Connecticut in regard to distribution, but made no objection to the proceedings until the administrator presented his account for allowance to the Probate Court of Worcester County.

The appellee contends that the note should have been paid by the administrator out of the personal estate in Connecticut, and she relies on *Livermore* v. *Haven*, 23 Pick. 116, and also on *Fay* v. *Haven*, 3 Met. 109, where another question growing out of the same controversy was considered. But in *Livermore* v. *Haven*, as was observed in substance in *Prescott* v. *Durfee*, 131 Mass. 477, the question was whether the court in its discretion should grant a license under the circumstances to sell real estate in this Commonwealth for the payment of debts. In this case the license has been granted by a court of competent jurisdiction, after due notice, and the sale has been made, and neither those proceedings nor the validity of the appointment of the administrator can now be attacked collaterally by the appellee. *Pierce* v. *Prescott*, 128 Mass. 140. It does not appear that the payment by the administrator was not made in good faith, or that there was any collusion between him and Chase in regard to the settlement of the estate in Connecticut, or the sale here.

If there were collusion or bad faith, the case might stand differently. *Stevens* v. *Gaylord*, 11 Mass. 256, 266. The distribution of the estate in Connecticut was made under an order of the Probate Court, which has not been impeached in any respect. The administrator was bound to comply with it, and for aught that appears would have been liable to a suit on his bond if he had failed to do so. Though administrator of both estates, he could not have been compelled to apply the personal property in Connecticut to the payment of debts here, nor have been held accountable for it here. *Boston* v *Boylston*, 2 Mass. 384. *Hooker* v. *Olmstead*, 6 Pick. 481. *Fay* v. *Haven*, 3 Met. 109, 114. *Wheelock* v. *Pierce*, 6 Cush. 288. *Norton* v. *Palmer*, 7 Cush. 523. If it was necessary, in order to justify the payment of the note out of the proceeds of the real estate sold here, for the administrator to show that the creditor had used some diligence to collect the note out of the personal estate in Connecticut, and that he had met with some legal impediment there, we think it sufficiently appears that he had done so. He presented his claim to the proper tribunal, which declined to allow it except subject to the priorities of Connecticut creditors. It certainly would be going very far to hold that, under such circumstances, he was bound to wait upon and follow the settlement of the Connecticut estate, in tead of resorting to the real estate here.

In *Prescott* v. *Durfee, ubi supra*, it was held that a Massachusetts creditor of a New York intestate, who died possessed of real estate here but no personal estate, might procure the appointment of an administrator in this State, and attach the real estate to recover the payment of his demand. It appeared that an administrator had been appointed in New York, and that there was personal estate there more than sufficient to pay all the debts, and there was nothing to show that the creditor had made any effort to collect his debt out of the personal estate in New York. But neither fact appears to have been regarded as material.

If there had been different administrators in Connecticut and Massachusetts, and the same course had been pursued by them in regard to the respective estates that has been followed by the present administrator, we presume that it hardly would be contended that the payment of Chase's note by the administrator in this State should be disallowed. We do not see that it makes

any difference on principle that the same person was administrator in both jurisdictions. As already observed, he is not accountable here by reason of that fact for the estate in Connecticut. See *State* v. *Osborn*, 71 Mo. 86. If he has not administered the estate in Connecticut according to law, doubtless he is liable there upon his bond. This court cannot revise his actions as administrator of that estate. *Jennison* v. *Hapgood*, 10 Pick. 77, 101. If he has administered it according to law, still less can his conduct be made the foundation of liability by reason of the payment of Chase's note out of the proceeds of the real estate in Sutton. The appellee's contention would seem to go the length of requiring him to maintain that, although the administrator administered the estate in Connecticut in good faith, and distributed it according to the direction of the court having jurisdiction of it, the payment of Chase's note should be disallowed because the administrator did not see that it was paid out of the personal estate in Connecticut. If that be so, then, without adverting to other considerations, the converse of the proposition must be equally true ; namely, that the creditor was bound to obtain payment out of the personal estate in Connecticut, and had no right to resort to the real estate here, which would be at variance with *Prescott* v. *Durfee, ubi supra.*. We do not think that either proposition can be maintained when applied to the circumstances of this case. It is not contended that it was the duty of the administrator in Connecticut to see that creditors presented their claims and were paid out of the personal estate there, and we assume that he committed no breach of his bond by failing to do so, or to appeal from the ruling of the Probate Court disallowing the note. In the absence of personalty in this State, the real estate constituted a fund for the payment of debts here. The administrator was not bound to see that either estate was exonerated at the expense of the other. He was required to administer and dispose of each estate in good faith according to the law of the State where it was situated. In respect to this item there is nothing to show that he has not done so. We think that the payment to Chase should have been allowed.

The two remaining items relate to the burial of the deceased whose remains were brought into this Commonwealth and con-

sist of the undertaker's services and the cost of digging the grave. They were incurred before but not paid till after the settlement of the account in Connecticut and were not included in it. No doubt, if there had been but one administrator, and he in Connecticut, these items would have been allowed in his account if duly presented to and paid by him. *Jennison* v. *Hapgood*, 10 Pick. 77, 86, 87. But though the administration here was ancillary to that in Connecticut, we think that these expenses must be regarded as incurred by the ancillary administrator in the due course of his administration of the estate in this Commonwealth, and that as such they should be paid out of the property available here for the payment of demands due to creditors residing in this State.

A majority of the court think that the decree of the Probate Court should be reversed in respect to the items appealed from, and affirmed in other particulars, and it is

*So ordered.*