AMOS BARTLETT & others, executors, *vs.* MABEL HUNT
SLATER & others.

Worcester.   January 27, 1903. — March 13, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Probate Court.   Equity Pleading and Practice,* Appeal.

In order to give this court jurisdiction of an appeal from a decree of the Probate
Court, a statement of the objections to the decree appealed from must be
entered with the appeal within thirty days after the decree, as required by
R. L. c. 162, § 10.

BILL IN EQUITY, filed in the Probate Court for the County of
Worcester July 9, 1902, by the executors under the will of
Horatio N. Slater, for instructions as to the construction of that
will.

An appeal from the decree of the Probate Court was dis-
missed by *Loring,* J.   The appellant alleged exceptions, raising
the question whether the appeal was properly before the court.

*H. W. Ogden,* for the appellant.

*S. Hoar,* (*F. F. Dresser* with him,) for the appellees.

BRALEY, J.   The petitioners, as executors of the will of
Horatio N. Slater, petitioned the Probate Court for the con-
struction of the will of their testator, and for instructions as to
their powers and duties thereunder.   On October 31, 1902, that
court entered a decree thereon, from which decree, on the
twenty-eighth day of the following November, Mabel Hunt
Slater, as widow of Horatio N. Slater, and also as statutory
guardian of Esther Slater, Horatio N. Slater, Mabel H. Slater
and William M. H. Slater, minor children of Mabel Hunt
Slater and the testator, appealed to this court and filed in the
Probate Court for the County of Worcester copies of her notices
and claims of appeal.   Subsequently the executors appeared
and filed a motion to dismiss her appeal as to them, on the
ground that on the entry of the same in this court the appel-
lant, individually and as statutory guardian of the minors, did
not file a statement of her objections to the decree appealed
from.   The guardian *ad litem,* who had acted in behalf of the

minor children in the Probate Court and consented to the decree, was appointed such guardian in this court, and filed a similar motion.

At a hearing before a single justice of this court, both motions to dismiss were granted. The appellant at the hearing presented some twelve requests for rulings. The eleventh and twelfth asked the justice to rule that Mabel Hunt Slater, as guardian of her minor children, "had the power and authority" to claim and enter the appeal, and if the guardian *ad litem* appointed by the Probate Court failed so to do in "matters affecting the interest of his minors," then such appeal could be claimed and entered by the statutory guardian. These two requests were not insisted upon at the argument and we treat them as waived. See *Elder* v. *Adams*, 180 Mass. 303.

The other requests presented in various forms the proposition put upon the brief for the appellant, that "the sole question . . . is whether the jurisdiction of the Supreme Judicial Court to entertain an appeal from the Probate Court in the exercise of its equity jurisdiction is dependent upon the filing of a statement of objections simultaneously with the entry of the appeal."

The right of appeal from a decree of the Probate Court to this court is given solely by statute, and, in order that it may be sustained, the right of the appellant must be clearly made to appear and the statutory requirements governing and regulating such an appeal complied with. This is not a mere formality but is a matter of following conditions imposed by statute, and the reasons for the necessity of a compliance with these requirements of law are stated in *Bergen* v. *Jones*, 4 Met. 371, 372, by Chief Justice Shaw, as follows: "It is of great importance, that all the rules of law, whether prescribed by statute or otherwise — regulating the sittings of courts, the return of process, and the entry of actions, the time and place for entering appeals, for entering exceptions, and also for entering causes in a court below, which have been remanded there for trial — should be plainly expressed, well understood and strictly complied with. It is this which gives the court jurisdiction of the parties; and when a court has jurisdiction of the parties, and of the subject matter, such is the liberality of modern practice, that almost every other kind of error and defect may be corrected by amendment. But

when it is left doubtful, either by the uncertainty of the law, or by the irregularity of the proceedings, when and where the parties are to have day in court, for the judicial contestation of their rights, no amendment can remove such uncertainty, or enable the court safely to proceed."

At the time when this appeal was claimed and taken, the course of procedure open to a person aggrieved by such a decree was provided by R. L. c. 162, §§ 9, 10, 11, 12 and 15. Section 10 provides that "notice of the appeal shall be filed in the registry of probate and the appeal shall be entered in the Supreme Judicial Court within thirty days after the act appealed from. Upon the entry of the appeal, the appellant shall file a statement of his objections to the act appealed from. A copy of such notice, and of so much of the record of the Probate Court as relates to the appeal, shall be filed in the Supreme Judicial Court upon the entry of the appeal, or as soon as may be thereafter." Under this section the jurisdictional requirements are : that the appellant must give notice that the appeal is to be filed in the Supreme Judicial Court within thirty days after the act appealed from ; a copy of such notice and so much of the record of the Probate Court as relates to the appeal are to be filed upon its entry, or as soon thereafter as may be ; and at the time of entry a statement is to be filed of the objections of the appellant to the decree appealed from.

The appellant failed to fully comply with these requirements, as she filed no statement of her objections to the decree appealed from at the entry of the appeal, and now claims and argues that the objections are not an essential part of the appeal but are in the nature of a bill of particulars, and may in the discretion of the court be filed after the entry of the appeal. But the object and purpose of requiring objections to be filed by the appellant more clearly appear if we look at the history of the law embodied in this section. In all previous statutes regulating appeals from the Probate Court to the Supreme Judicial Court, from St. 1783, c. 46, to St. 1888, c. 290, the appellant has been required to file his reasons of appeal in the registry of probate and thereafter to serve an attested copy upon the adverse party either fourteen days at least " before the sitting of the Supreme Court of Probate, at which the trial is to be had," or, since Rev.

Sts., fourteen days before the appeal was entered. St. 1783, c. 46, § 4. St. 1817, c. 190, § 7. Rev. Sts. c. 83, § 37. Gen. Sts. c. 117, § 10.

Pub. Sts. c. 156, § 8, contained the same provisions, with the additional requirement that " if the appeal is to be entered at a rule day other than that next after the expiration of fifty days from the date of the act appealed from, it shall be stated in the reasons of appeal at what rule day the appeal is to be entered." This section was amended by St. 1888, c. 290, § 2, so that for the first time no reasons of appeal were required to be filed by the appellant in the Probate Court or upon the entry of the appeal in the Supreme Judicial Court, but notice was still necessary to all parties adversely interested of the entry of the appeal; and this continued to be the law and practice until June, 1893, when this court adopted a rule, being Chancery Rule 40, as follows : " In probate appeals, the appellant when entering the appeal shall file with the clerk a statement of his objections to the decree appealed from. The appellee shall enter an appearance within thirty days after the entering of the appeal, unless the court shall extend or restrict the time, and if an appearance is not entered within the time allowed, the cause may be heard *ex parte.*" 159 Mass. 603. The first clause of this rule is now incorporated in R. L. c. 162, § 10. See Report of Commissioners for consolidation of the Pub. Sts. c. 162, § 62, note. This restored the method of procedure as it was under the earlier statutes, so far as requiring that the appellant should file a statement of his objections or reasons of appeal to the decree appealed from.

A probate appeal under this system does not, like an appeal from a district, police or municipal court to the Superior Court, vacate the decree and bring up the whole case to the appellate court for a new trial. *Dunham* v. *Dunham*, 16 Gray, 577, 578. *Gale* v. *Nickerson*, 144 Mass. 415, 416.

The objections filed by the appellant necessarily disclose the issue to be tried, which upon entry of the appeal may for the first time be brought to the attention of and made known to the appellee, and under this rule since St. 1888, c. 290, as well as under the statutes prior to that act, the reasons of appeal or statement of objections made by the appellant to the decree ap-

pealed from, being in the nature of an assignment of errors, and grounds for the reversal of the decree, were understood as setting forth his case, and at the trial in the appellate court, he was confined to the reasons therein stated. *Boynton* v. *Dyer*, 18 Pick. 1, 4. *Gale* v. *Nickerson, ubi supra. Harris* v. *Harris*, 153 Mass. 439. *Cowden* v. *Jacobson*, 165 Mass. 240. The record of the Probate Court is open to the inspection of the adverse party, and it is not necessary that he should be informed by the appellant of its contents. It is sent up solely for the purpose of completing the record of the case, and need not be filed at the time the appeal is entered. But while the court may in its discretion allow the record to be completed after the entry of the appeal, no such provision is made as to the requirements, of giving notice to the adverse party that an appeal has been claimed and taken, and the filing of objections. We are of the opinion that if these statutory conditions regulating the manner of taking and perfecting an appeal are not complied with this court has no jurisdiction to try the case and the appeal may on motion be dismissed. *Briggs* v. *Barker*, 145 Mass. 287, 288. *Snow* v. *Dyer*, 178 Mass. 393, 397.

The further contention of the appellant that as the petition filed by the respondents in the Probate Court was in equity seeking for the construction of a will, the appeal from the decree of that court is not in the nature of a probate appeal but from a decree in equity, and that therefore the statute relating to probate appeals has no application, does not appear to be well taken.

It is enough to say that the only method prescribed by statute for bringing up to this court for review the action of the Probate Court, whether by decree under a petition in equity by executors and trustees for the construction of a will and instructions thereunder, or by a decree admitting a will to probate, or passing upon the accounts of administrators, executors, trustees or guardians, is by appeal. Pub. Sts. c. 127, § 34; c. 156, §§ 5, 6. St. 1879, c. 183, § 1. St. 1891, c. 415, §§ 1, 3. R. L. c. 162, § 8. *Swasey* v. *Jaques*, 144 Mass. 135, 136, and cases cited. *Green* v. *Hogan*, 153 Mass. 462, 464.

Our construction of the statute affords a uniform rule of practice easily understood and followed, and its application in this

case works no unnecessary hardship to the appellant. If without "default on her part" she has failed to claim or prosecute her appeal, and the equity of the case is such that justice requires a revision of the decree, this court can upon terms allow such an appeal to be entered upon proper application being made. R. L. c. 162, § 13. *Capen* v. *Skinner,* 139 Mass. 190, 192.

*Exceptions overruled.*