GEORGE A. P. CODWISE, executor, *vs.* GEORGIANA S. LIVERMORE & another.

GEORGIANA S. LIVERMORE & another *vs.* GEORGE A. P. CODWISE, executor.

Norfolk.    January 15, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Probate Court*, Appeal.

On an appeal from a decree made by a single justice upon an appeal from a decree of the Probate Court, where the justice heard the case upon evidence introduced before him including the report of an auditor appointed by the Probate Court, and no part of the evidence is before this court except the report of the auditor, and no findings of fact have been filed, the decree of the single justice must be affirmed if he had jurisdiction to make it.

The statement of objections to a decree of the Probate Court, which by R. L. c. 162, § 10, is required to be filed with an appeal to give a single justice of this court jurisdiction to try the case, is not to be construed with the strictness which would be applied to a pleading at common law. It is enough if it indicates clearly the issue intended to be raised.

APPEAL from a decree of the Probate Court for the county of Norfolk allowing the accounts of George A. P. Codwise as executor of the will of John W. Shaw, late of Wellesley, namely, the eleventh and eleven previous accounts, including the trustee's account, so called, except that the executor's charges for services in all of the accounts were reduced from $7,563.61 to $5,000, and it was ordered that the executor should stand charged with the sum of $2,563.61, the amount claimed by him in all the accounts for services in excess of the amount allowed him in the decree, and that this sum should be added to the balance of $2.98 stated in his eleventh account, making the total amount for which the executor should stand charged $2,566.59.

Georgiana S. Livermore and Fanny M. Hildreth, the only residuary legatees under the will of John W. Shaw, appealed from the decree of the Probate Court and filed with their appeal five objections to the decree. The executor also appealed from the decree of the Probate Court, stating in separate paragraphs seventeen reasons for his appeal.

The case was heard on appeal by *Hammond*, J., who admitted an auditor's report which had been filed in the Probate Court and took it as a part of the evidence in the case. He made a decree that all the accounts be allowed, and ordered that the executor should stand charged with the sum of $2.98, and that the case should be remitted to the Probate Court for further proceedings. The residuary legatees appealed. They also took exceptions, of which they afterwards filed a waiver.

*C. E. Washburn*, for the residuary legatees.

*H. P. Harriman & H. E. Perkins*, for the executor, were not called upon.

SHELDON, J. As the exceptions filed in these cases have been waived, nothing is before us but the appeal from the decree made by a single justice of this court. It appears that this decree was made upon evidence heard by him, which included the report of an auditor appointed by the Probate Court. No findings of fact have been filed, and no part of the evidence is before us, except the report of the auditor. Unless therefore it appears that the single justice had no jurisdiction to enter the decree appealed from, we must affirm his decree. *Hodgdon* v. *Fuller*, 193 Mass. 331. *Slack* v. *Slack*, 123 Mass. 443.

But the residuary legatees contend that on the appeal of the executor from the decree of the Probate Court he was restricted to the matters stated in the reasons of appeal filed by him; that the jurisdiction of this court was limited to considering the objections or reasons of appeal so filed; that these objections should have pointed out specific errors in the decree appealed from, or else the appeal should have been dismissed; that the objections filed by the executor in these cases showed no such specific errors, but merely recited certain facts which might be used in explanation or support of the executor's contentions; so that the single justice had no jurisdiction to make the decree appealed from. In our opinion this contention cannot be sustained.

The history of the legislation on this subject is contained in *Bartlett* v. *Slater*, 183 Mass. 152. For the reasons there stated, the decisions made previous to 1888 as to reasons of appeal then required to be filed, are not now applicable to their full extent, although it is still true, as was held in that case, that the objec-

tions to the decree appealed from must be filed in this court simultaneously with the entry of the appeal, that these objections must disclose the issue to be tried, being in the nature of an assignment of errors, and that the jurisdiction of the court to try the case on the appeal depends upon compliance with the conditions imposed by the statute. R. L. c. 162, § 10. *Cowden* v. *Jacobson,* 165 Mass. 240. *Harris* v. *Harris,* 153 Mass. 439. *Murphy* v. *Walker,* 131 Mass. 341.

But it never has been held that such a statement was to be construed with the strictness that would be applicable to a pleading at common law. A statement of objections in this case was filed by the executor, and the court thus acquired jurisdiction of his appeal. *Bartlett* v. *Slater,* 183 Mass. 152. It would be enough to say that for this reason the decree of the single justice must be affirmed, as neither the evidence nor the grounds upon which it was entered are before us. But in our opinion the statement filed by the executor gave full notice to the other parties in interest that his objection was to that part of the decree which reduced the amount to be allowed to him for fees of himself and others from the sum which he claimed to the sum of $5,000. His objections are set forth argumentatively and in many instances by a statement of the reason for the objection rather than of the objection itself. But it is impossible to read through his statement of objections without seeing clearly that the issue which he intends to raise is that which we have stated. This is enough.

Accordingly, the decree of the single justice must be affirmed; and it is

*So ordered.*