Hillsborough, }
Dec. 26, 1907. }

## MANAGLE, *Adm'x*, v. PARKER, *Ap't*.

A reason of appeal from the allowance of a will is sufficient if it alleges in substance that the instrument offered for probate is not the will of the testator, but a copy of a will destroyed by him, *animo revocandi.*

An amendment of a sufficient reason of appeal from a probate decree is not exceptionable merely because it sets forth additional facts and conclusions of law upon which the appellant depends.

PROBATE APPEAL, from the allowance of the will of Hannah Stevens. Trial by the court. Transferred from the September term, 1907, of the superior court by *Peaslee*, J.

The appellant assigned the following reason for her appeal: "That the said alleged will was in fact a copy of a will made by said Hannah Stevens and by her believed to be cancelled when she destroyed the copy in her possession, which she supposed and believed to be in fact her last will and testament. That said will —the one in her possession—was by her destroyed, and she intended and purposed to cancel any and all other wills by that act." The plaintiff's motion that the appeal be dismissed because no legal ground was assigned therefor was denied, and she excepted.

The appellant was granted leave to amend her reason of appeal by adding the following: " That said alleged will which is offered for probate was never intended by the testatrix to operate as her will, for that at the time of writing out and executing said alleged will certain words were crossed out and erased, whereupon on, to wit, the same day, a later will identical in substance was duly executed before the same witnesses, which said later will was intended as the only will of said testatrix, who thereafter voluntarily destroyed said later will with the intent to revoke the same; that said alleged will was as a matter of law revoked by the making of a subsequent valid will by said testatrix; that said alleged will was revoked as a matter of fact by the destruction by tearing by said testatrix of said later will, the said later will being as to its contents in substance the same as said alleged will which is now offered for probate." The plaintiff excepted to the allowance of the amendment. So far as its allowance was a matter of discretion, it was found in favor of the appellant, and was not transferred.

*John O'Neill* and *Burnham, Brown, Jones & Warren*, for the plaintiff.

*David W. Perkins* and *Taggart, Tuttle, Burroughs & Wyman*, for the defendant.

BINGHAM, J. The reason assigned as the ground of appeal is, in substance, that the will offered for probate is not the will of Hannah Stevens, but a copy of a will which she at one time made and afterward destroyed, thereby intending to revoke any and all wills by her made. Had the allegation been simply that the will offered for probate was not the will of Hannah Stevens, a sufficient reason would have been assigned. *Lane* v. *Hill*, 68 N. H. 398. In the amendment the reason given is the same as that originally assigned. It is true that additional facts and conclusions of law are stated, showing wherein the will offered for probate is not the will of Hannah Stevens, but that is permissible. *Lane* v. *Hill, supra*.

*Exceptions overruled.*

All concurred.

## MEMORANDUM.

On the twenty-eighth day of December, 1907, Mr. Justice CHASE, having attained the age of seventy years, retired under the limitation of the constitution.

On the sixth day of November, 1907, Mr. ROBERT JAMES PEASLEE was appointed an associate justice of the court to fill the vacancy occasioned by the retirement of Mr. Justice CHASE, and took his seat upon the bench at the January session, 1908.