### WINTHROP DELANO *vs.* CHARLES N. CLARK.

Hampshire.    September 14, 1908. — October 19, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Probate Court,* Appeal, Jurisdiction.    *Conservator.*

On the hearing before a single justice of an appeal to this court from a decree of
the Probate Court dismissing a petition to have a conservator, who previously
had been appointed to take charge of the petitioner's property because of the
petitioner's mental weakness, removed and the property restored to the peti-
tioner, the appeal was dismissed, and the petitioner appealed to the full court.
The petition alleged and the answer denied that the petitioner had become able
to take care of his property. The record before the full court contained no re-
port of the evidence and no statement of the reasons why the single justice dis-
missed the appeal. *Held,* that there was nothing in the record to show that the
appeal was not dismissed properly.

A petition which sought the appointment of a conservator of the property of one,
who was alleged to be mentally weak and unable properly to care for his prop-
erty, purported to be brought by a mayor and the overseers of the poor and one
citizen of the city where the respondent lived, but contained no allegation that
any of the petitioners were friends of the respondent. After the petition was
filed, the Probate Court allowed it to be amended by adding after the petitioners'
names the words " all of them being friends " of the respondent, and, after a
hearing, granted the petition. *Held,* that the Probate Court had jurisdiction to
allow the amendment and afterwards to grant the petition.

PETITION, filed in the Probate Court for the county of Hamp-
shire December 20, 1906, for the removal of a conservator of
the petitioner's property, who previously had been appointed by
that court because the petitioner, owing to mental weakness, had
been unable properly to care for his property. The petition also
sought to have the petitioner's property restored to him.

In the Probate Court *Bassett,* J., dismissed the petition. On
appeal there was a hearing before *Knowlton,* C. J. The only
mention in the record of the hearing before the Chief Justice is
contained in the docket entries and is as follows : " Hearing "
April 21, 1908, " and ordered that petition be dismissed." The
petitioner appealed.

Other facts are stated in the opinion.

The case was submitted on briefs.

*H. Lasker,* for the petitioner.

*J. B. O'Donnell,* for the respondent.

MORTON, J.   This was a petition by the appellant for the discharge of a conservator who had been appointed over his estate. The petition was dismissed by the Probate Court and the petitioner appealed.   The case came on to be heard before the Chief Justice, and after due hearing the petition was ordered to be dismissed by him, and the decree of the Probate Court affirmed. The petitioner appealed from this decree.   No report of the evidence is before us, and the only question is, therefore, whether in any aspect of the case before him the Chief Justice could have rightly ordered the petition to be dismissed.   And it is clear that he might properly have made such a disposition of the case. The ground of the petition was that the petitioner was able to care for his property himself.   The answer denied this.   In dismissing the petition the Chief Justice might have found that the petitioner was not able to take care of his property himself, or that he had not sustained the burden which rested upon him to show that he was able to take care of his property, and without a report of the evidence it is manifest that we cannot say that the action of the Chief Justice in dismissing the petition was wrong.   See *Hodgdon* v. *Fuller*, 193 Mass. 331.   *Codwise* v. *Livermore*, 194 Mass. 445.

Printed with the record in this case are copies of the papers relating to the proceedings upon the original petition for the appointment of a conservator.   From them it appears that the petition as originally drawn was by the mayor and overseers of the poor of Northampton and one other citizen.   Subsequently the petition was amended " by adding after the first recital of the names of the petitioners, the words, ' All of them being friends of Winthrop Delano of said Northampton,' " and the appointment was made upon the petition as thus amended.   The petitioner seeks to raise in these proceedings a question of jurisdiction affecting the validity of the original appointment by the contention that upon the petition as originally drawn the Probate Court had no jurisdiction to appoint a conservator, that it had no power to allow the amendment which was allowed, and that, therefore, the original appointment was void.   This is the only question which has been argued by the petitioner.   If we assume in favor of the petitioner, but without so deciding, that the question of the validity of the original appointment could be and is properly raised

in this case (as to which see *Jöchumsen* v. *Suffolk Savings Bank*, 3 Allen, 87), and that the appointment would be void if made upon the petition as originally drawn, the answer to the petitioner's contention is that the appointment was not made upon the petition as originally drawn but upon the petition as amended, and that the Probate Court as an incident of the proceedings before it clearly had power to allow the amendment. As amended the petition was not a petition by the mayor and overseers of the poor but by the persons named as friends of the party to whom the petition related, and as such came within the purview of the statute and the jurisdiction of the court. R. L. c. 145, § 40.

It follows that the decree dismissing the petition must be affirmed.

*So ordered.*