CHARLES A. LINEHAN & another *vs.* MARY A. LINEHAN.

Middlesex.    January 21, 24, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Probate Court*, Late entry of appeal.

Upon a petition under R. L. c. 162, § 13, which provides that "If a person who is aggrieved [by a decree of the Probate Court] omits, without default on his part, to claim or prosecute his appeal and it appears that justice requires a revision of the case, the supreme court of probate . . . may, upon his petition and upon terms, allow an appeal to be entered and prosecuted," it appeared that no notice of the appeal had been filed in the registry of probate as required by § 10 and that, near the end of the thirty days mentioned in that section, the petitioner went to the clerk's office for the purpose of having an appeal entered and, without paying or tendering any entry fee, left "upon the counter" or gave "to someone whom he met there" a paper purporting to be a "copy of the objections," that the next day, when the paper was discovered, notice of the finding of the paper was sent by the clerk to the office of the petitioner's counsel, that the only reply received was that the member of the firm in charge of the case

"was away and to hold on to the paper," and that thereafter the thirty days expired without anything more being done. *Held,* that no sufficient excuse for the omission of the steps necessary for taking and perfecting an appeal was shown and that the petition should be dismissed.

BRALEY, J. The petitioners having failed to enter their appeal in this court within thirty days after the entry of the decree in the Probate Court as required by R. L. c. 162, §§ 9, 10, are compelled to rely on § 13, which provides, that "If a person who is aggrieved omits, without default on his part, to claim or prosecute his appeal and it appears that justice requires a revision of the case, the supreme court of probate . . . may, upon his petition and upon terms, allow an appeal to be entered and prosecuted." *Bartlett* v. *Slater,* 183 Mass. 152.

It was said in *Capen* v. *Skinner,* 139 Mass. 190, 191, that under Pub. Sts. c. 156, § 9, of which the R. L. c. 162, § 13, is a re-enactment, "A petitioner is required to prove, to the satisfaction of this court, not only that there is no default on his part, but that substantial justice requires a revision of the case." If the petition is opposed, the petitioner has the burden of proving that the absolute right to claim or prosecute an appeal has been lost through no fault of his own, or the discretionary powers of the court to allow a revision cannot be successfully invoked. *Kent* v. *Dunham,* 14 Gray, 279, 281. *Briggs* v. *Barker,* 145 Mass. 287. *Daley* v. *Francis,* 153 Mass. 8, 10, 11. *Cawley* v. *Greenwood,* 192 Mass. 126.

Upon this question the findings of the single justice * are amply supported by the evidence. The petitioners at the hearings upon the account were represented by competent counsel, who had been seasonably instructed after an adverse decree to take and perfect an appeal, and for whose acts or neglect to act the petitioners are bound as well as by their own conduct. *Kent* v. *Dunham,* 14 Gray, 279, 281. *McKenna* v. *McArdle,* 191 Mass. 96, 99. R. L. c. 162, § 40.

But no notice of appeal had ever been filed in the registry, or notice given to the appellee, or copy of the record procured as required by § 10, and it was not until the time was about to expire

---

* *Carroll,* J. The appeal sought to be entered was from a decree of the Probate Court allowing the first account of Mary A. Linehan, the mother of the petitioners, as trustee under the will of her late husband Charles Linehan, late of Cambridge.

that, upon being furnished by counsel with what purported to be a "copy of the objections," one of the petitioners, apparently with knowledge of the contents, went to the clerk's office for the express purpose of having the alleged appeal properly entered. The paper without the payment or tender of any entry fee was left "upon the counter;" or given "to some one whom he met there;" and, upon its discovery the next day, the paper "had no mark or signature to indicate that it had ever been received, or entered, or filed in the office." It was not however too late even then to have entered the paper or alleged appeal, yet, upon notice to the office of the petitioners' counsel of the finding of the paper, the only reply received at the clerk's office was, that the member of the firm in charge of the case "was away and to hold on to the paper," and nothing more was done until this petition was brought.

The failure to comply with the statute plainly does not rest on any accident, surprise or mistake which a reasonably diligent and careful man would not be expected to anticipate and guard against. *Clark* v. *Brigham,* 22 Pick. 81. *Hutchinson* v. *Gurley,* 8 Allen, 23. *Boston* v. *Robbins,* 116 Mass. 313, 315. *Keene* v. *White,* 136 Mass. 23. And no sufficient excuse for doing away with the steps necessary for taking and perfecting an appeal appears.

But, even if the petitioners are "in default," we add that, having carefully read the evidence reported, no substantial reason is shown for reversal of the further findings of the single justice exonerating the appellee as trustee from the charge of maladministration, upon which the petition is grounded.

The decree dismissing the petition should be affirmed with costs.

*Ordered accordingly.*

*J. B. Vallely,* for the petitioners.
*T. H. Buttimer,* for the respondent.