DWIGHT HALL, trustee, *vs.* EBEN M. BOYNTON.

Essex.   November 15, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, CROSBY, & CARROLL, JJ.

*Probate Court,* Appeal.

The Supreme Judicial Court has no jurisdiction to consider an appeal from a decree of the Probate Court where no objections to the decree were filed upon the entry of the appeal as required by R. L. c. 162, § 10. Following *Bartlett* v. *Slater,* 183 Mass. 152.

APPEAL from a decree of the Probate Court for the county of Essex appointing Dwight Hall, of Dover in the county of Strafford in the State of New Hampshire, trustee in this Commonwealth under the will of John C. Hastings, late of Somersworth in the county of Strafford in the State of New Hampshire, he already having been appointed trustee under that will by the Probate Court for the county of Strafford in the State of New Hampshire.

The appeal was heard by *De Courcy,* J., who made a final decree that "the appeal of E. Moody Boynton from the decree of the Probate Court appointing said Dwight Hall, trustee, . . . be dismissed and the case remanded to the Probate Court." The respondent Boynton appealed.

The case was submitted on briefs.

*E. M. Boynton, pro se.*

*H. N. Berry & C. C. Bucknam,* for the trustee.

RUGG, C. J.  Dwight Hall brought a petition in the Probate Court for the county of Essex, alleging that he was trustee by ap-

pointment of a court of competent jurisdiction of the State of New Hampshire, under the will of John C. Hastings, who died a resident of that State, and that there was real estate in Essex County belonging to the estate of the decedent, and praying for his appointment as trustee of the real estate in this Commonwealth. A decree granting the prayer of the petition was entered.

. E. Moody Boynton filed notice of his claim of an appeal from this decree. But no reasons for the appeal or objections to the decree were filed. It was decided in *Codwise* v. *Livermore,* 194 Mass. 445, 446, 447, that in appeals from decrees of probate courts "the objections to the decree appealed from must be filed in this court simultaneously with the entry of the appeal, that these objections must disclose the issue to be tried, being in the nature of an assignment of errors, and that the jurisdiction of the court to try the case on the appeal depends upon compliance with the conditions imposed by the statute. R. L. c. 162, § 10." *Linehan* v. *Linehan,* 223 Mass. 297. To the same effect is *Bartlett* v. *Slater,* 183 Mass. 152, where the subject is discussed fully.

It may not be inappropriate to add that there is nothing on the face of the papers to indicate want of jurisdiction in the Probate Court.

It follows that there was no jurisdiction in the Supreme Judicial Court to consider the appeal.

*Decree dismissing appeal affirmed.*