FREDERICK P. STONE, JR., v. ANN STONE

32 So. (2nd) 278                  June Term, 1947
October 24, 1947                  En Banc

*J. T. Chancey,* for appellant.

*Robert T. Tylander,* for appellee.

BUFORD, J.:

In a suit to annul a marriage it was alleged in effect that appellant's younger brother had an affair with appellee which resulted in appellee becoming pregnant with child. Both parties were of tender years, the girl being only fourteen and the boy about seventeen years of age. The families were friendly with each other and were of equally good standing. The alleged father of the unborn child had become involved in other trouble and was not available to take on the responsibility of marriage.

To prevent the child from being born out of wedlock, it was agreed between appellant and appellee, and the respective families, that the appellant and appellee would go through a civil marriage ceremony for that and no other purpose and that appellant and appellee would not consummate the marriage by cohabitation. This agreement was kept and performed. There was no cohabitation between the parties. There was no consummation of a legal marriage. See 35 Am. Juris. 305-322.

The law applicable here is stated in 35 Am. Juris. 240, as follows:

"A man is entitled to annulment of the marriage where the woman goes through the ceremony merely to secure his name, with no intention of living with him, and leaves him immediately at its conclusion. But it has been held in an action for annulment on the ground of fraud that such annulment will not be granted upon evidence of denial of intercourse unless at the time of marriage there was intention not to perform marital obligations."

In Anders v. Anders, 225 Mass. 438, 113 N.E. 203, L.R.A. 1916E 1273; the Court said:

"In the case at bar the libellee went through the marriage ceremony with an intention never to perform any one of the duties of a wife. She went through the ceremony solely to secure a right to bear the name of a married woman and in that way to hide the shame of having had an illegitimate child, intending to leave her husband at the church door and not see him again. That plan she carried into effect. It is settled that a contract for the sale of goods is induced by fraud and for that reason voidable where the purchaser had an intention when the contract was made not to perform his promise to pay for them. If any intention not to perform his promise renders a contract for purchase of property, voidable, a *fortiori* the same result must follow in case of a contract to enter into 'the holy estate of matrimony'."

Such pretended marriages as these, while they may be laudable when viewed from the standpoint of the participants, thinking of the the interest of the innocent unborn child, are contrary to public policy and are without the sacred elements on which the estate of matrimony is founded. The courts should not hesitate to annul such marriages at the behest of either party on clear and unequivocal proof that the purported marriage was so entered into and that the marriage status was never consummated by any cohabitation. This rule would not apply in cases where the reputed father of the child marries the mother without any fraud or deceit being practiced on him.

For the reasons stated, the decree is reversed with direction that same be vacated and a decree of the anulment of the marriage be entered.

So ordered.

THOMAS, C. J., TERRELL, ADAMS, SEBRING and BARNS, JJ., concur.

CHAPMAN, J., dissents.