MICHAEL J. MURRAY, administrator with the will annexed, *vs.* MICHAEL CANGIANO.

Middlesex.    October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & CARROLL, JJ.

*Probate Court,* Appeal.

On an appeal from a decree of the Probate Court the appellant is confined to his objections to the decree appealed from which he has stated under the requirement of R. L. c. 162, § 10.

APPEAL of Michael Cangiano from a decree of the Probate Court of the county of Middlesex granting a petition of the administrator with the will annexed of the estate of Lucido Capozzoli, late of Medford, for leave to sell two certain parcels of real estate.

The objections to the decree filed by the appellant were as follows:

"1. That the report of the commissioners in insolvency was pending in the Superior Court for the County of Middlesex, upon appeal, and the amount of the debts of the estate had not been determined.

"2. The petition was to sell two parcels of real estate situated in different counties and the decree was to sell the whole and the sale of the property as a whole would not be advantageous to the estate.

"3. That the sale of all of the real estate of the deceased was not necessary to pay the debts of the deceased; that the proceeds of the sale of a portion of the real estate were sufficient, in addition to the personal property, to pay the debts of the estate.

"4. That the administrator with the will annexed was the holder by assignment of a mortgage upon one of the parcels of real estate, and until the value of such mortgage was ascertained it did not appear that there was not sufficient personal estate to pay the debts of the deceased."

The case was heard by *Pierce,* J., who made the following final decree: "This cause came on to be heard at this sitting, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the decree of the Probate Court, dated December 13, 1916, upon the petition of Michael J. Murray, administrator with the will annexed of the estate of Lucido Capozzoli, late of Medford, for leave to sell real estate, be, and the same is hereby, affirmed and the case remanded to the Probate Court for further proceedings."

The respondent Michael Cangiano appealed. At the request of the respondent the single justice found and reported that the following were the material facts in the case: "That the sale of either of the parcels described in the petition might have been made separately without injury to the value of the other parcel; that the copy of the citation introduced by the respondent is a true copy of the citation issued by the Probate Court upon the petition and was the citation served in the case."

*J. E. Crowley,* for the respondent.

*F. M. Carroll,* for the petitioner.

CARROLL, J. The decree of the Probate Court licensed the petitioner, who was the administrator with the will annexed of the estate of the deceased, to sell at public auction the whole of the real estate of the testator. From this decree an appeal was taken to the Supreme Judicial Court. The single justice affirmed the decree of the Probate Court and found that a sale of either of the parcels described in the petition might have been made separately without injury to the value of the other parcel, and that the copy of the citation in evidence was a true copy of the citation issued and served in the case. No other facts were found and no evidence is reported. The case is before us on the

respondent's appeal from the final decree made by the single justice.

The appellant in his statement of objections to the decree of the Probate Court alleges, first, that the report of the commissioners in insolvency was pending in the Superior Court for the county of Middlesex, upon appeal, and the amount of the debts of the estate had not been determined. Without intimating that the facts stated in the first objection, even if true, would invalidate the decree of the Probate Court, it is enough to say that the record discloses nothing to support the appellant's contention. There are no facts found, nor is there any evidence to show that the commissioners' report was pending in the Superior Court on appeal, or that the debts of the estate had not been determined when the decree of the Probate Court was entered. See *Tenney* v. *Poor,* 14 Gray, 500. No part of the evidence before the single justice is reported; and unless he was without jurisdiction to order the entry of the decree appealed from, it must be affirmed. *Mason* v. *Lewis,* 115 Mass. 334. *Codwise* v. *Livermore,* 194 Mass. 445.

What we have said applies to the other objections. No fact appears showing that the judge of the Probate Court erred in decreeing that a sale of a part of the premises would be injurious to the residue although a sale of one parcel might be made separately without injury to the value of the other parcel, as found by the single justice, nor is there any evidence to show that it was unnecessary to sell the whole of the real estate to pay the debts of the deceased or that the petitioner was "the holder by assignment of a mortgage upon one of the parcels of real estate."

The petition for leave to sell, after describing two parcels of land and stating that by a partial sale thereof the residue would be greatly injured, asks that the petitioner may be licensed to sell the whole of said "parcel." On this petition a citation issued which alleged that the petitioner had presented his petition for license to sell "the whole of a parcel of the real estate" of the deceased. The decree licensed the petitioner to sell "the whole of said parcels of real estate." The appellant now contends that, inasmuch as the petition described two parcels of land and asks to sell the whole of said parcel, while the citation gave notice of a hearing to sell "the whole of a parcel," the notice not agreeing with the petition

and the license not agreeing with the notice, the decree of the Probate Court is wrong.

In a probate appeal the objections filed under R. L. c. 162, § 10, present the issue to be tried. They describe the reasons for appealing and set forth the appellant's case. He is confined to the reasons stated in his statement of objections. *Bartlett* v. *Slater,* 183 Mass. 152. *Phillips* v. *Chase,* 203 Mass. 556, 568. Even if the variation in the notice from the petition and license were material (see in this connection *Brigham* v. *Boston & Albany Railroad,* 102 Mass. 14, 18), no such question was raised by the appellant's objections; it is not before us.

The appellant also argues that the decree should be reversed because the petitioner did not set out the legacies given in the will of the deceased. This point was not presented in his reasons for appeal or in the statement of objections to the decree. It may be added, however, that there is no evidence in the record before us to show that the deceased gave any legacies.

*Decree affirmed.*