### FRED MARTIN'S (dependent's) CASE.

Suffolk.   December 2, 1918. — December 7, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Workmen's Compensation Act*, Procedure. *Equity Pleading and Practice*, Appeal. *Superior Court*.

The workmen's compensation act makes no provision for an appeal from a decision of the Industrial Accident Board to this court, giving a right of appeal to this court only from a decree of the Superior Court.

A paper filed in the Superior Court, relating to a decree of that court that was entered upon a claim under the workmen's compensation act, which is entitled "Objections to entry of decree by said Superior Court" and contains reasons for objections to the decree and a "motion for review," is neither in form nor in substance an appeal from the decree.

A memorandum filed by a judge of the Superior Court, referring to the paper described above and stating, "I understood and regarded the respondent . . . as claiming and taking an appeal by this paper," does not make the paper an appeal, the judge having no power to give it this effect.

In the same case the filing of further "Objections to entry of decree by said Superior Court" was *held* to be neither in form nor substance an appeal.

An attempted appeal to this court, not taken according to law, is not before the court and cannot be considered.

ATTEMPTED· APPEAL to this court from a decision of the Industrial Accident Board and from a decree of the Superior Court as described in the opinion.

The case was submitted on briefs.

*C. F. Lovejoy,* for the appellant.

*W. B. Keenan,* for the dependent widow.

RUGG, C. J.    This was a proceeding before the Industrial Accident Board.   It related to fees to be allowed to an attorney for services rendered to the dependent widow of a deceased employee.   The attorney presented to the Superior Court copies of pertinent papers on file with the Industrial Accident Board, together with the statement that "he wishes to appeal to the Supreme Judicial Court from the decision of the Industrial Accident Board."   That was not an appeal to this court.   The workmen's compensation act makes no provision for an appeal from a decision of the Industrial Accident Board to this court, but for an appeal to this court only from a decree of the Superior Court.   St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, and by St. 1917, c. 297, § 7.   *Gould's Case,* 215 Mass. 480.

The matter was heard in the Superior Court and a decree was entered in accordance with the finding of the Industrial Accident Board on February 6, 1918.   On the same date the attorney filed in the Superior Court a paper entitled "Objections to entry of decree by said Superior Court."   The title appropriately describes the contents of the paper, which set forth several grounds as "reasons for his objections and motion for review."   It was denied.   This paper was not either in form or substance an appeal from the decree.

On March 2 there was a "Memo." filed by the judge of the Superior Court in these words: "I understood and regarded the respondent Coggan as claiming and taking an appeal by this paper."   This statement adds nothing to the force of the paper. The judge of the Superior Court had no power to convert a paper which was in no sense an appeal from the decree into such an appeal.   He could not affect the rights of the parties in any such way.   *Herrick* v. *Waitt,* 224 Mass. 415, 417.   *Boston Bar Association* v. *Casey,* 227 Mass. 46, and cases collected at page 51.

No validity was added to the proceedings by the filing by the attorney on March 2, 1918, of further "Objections to entry of decree by said Superior Court."   That also was neither in form nor substance an appeal from the decree of the Superior Court.

An appeal not taken according to law is not rightly before us and cannot be considered. *Humphrey's Case,* 226 Mass. 143. *Butland* v. *Hein, ante,* 242.

*Case dismissed.*