GEORGE B. HAYWARD, trustee, *vs.* ASSESSORS OF BOSTON.

Suffolk.   May 3, 1939. — November 28, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Appellate Tax Board.   Tax*, Abatement.

Under G. L. (Ter. Ed.) c. 58A, § 13, as amended, no appeal lies to this
court from a denial by the Appellate Tax Board of a petition for leave
to file an appeal from a refusal of assessors to abate a tax on real
estate.

APPEAL, filed in the Supreme Judicial Court for the county
of Suffolk on March 23, 1939, "from the final decree and
order of the Appellate Tax Board dated March 22, 1939,

refusing to permit the filing of the appellant's petition for abatement of taxes in this case."

On March 17, 1939, the appellant filed with the Appellate Tax Board a petition, entitled "Petition for Leave to File," representing that the clerk had refused to receive for filing a "petition . . . for abatement of real estate tax." Accompanying this petition "for Leave to File" was a "Petition under Formal Procedure," with averments as to overassessment, that the assessors had failed to act upon the appellant's application for abatement "within four months after the date of the filing thereof and the application therefore is deemed to be denied," and that the appellant was aggrieved thereby; a summary recital of provisions of St. 1938, c. 478, as to appeal from a refusal of assessors to abate a tax of more than $1,000 on real estate; and further averments that the appellant was "unable to comply with the requirements of St. 1938, c. 478," as to paying said tax or half of the same, and that the statute was unconstitutional in its requirements of payments as a prerequisite to a right to appeal. The petition "under formal procedure" closed as follows: "Wherefore this petitioner demands that this petition be filed and heard and acted upon by this board and this petitioner offers and presents herewith the statutory filing fee of this petition in the amount of $8 in lawful money." A single member of the board caused to be entered an order denying the petition to file appeal "on the ground that it appears by the petition that it is an appeal seeking an abatement of a tax on real estate, that said petitioner is not entitled to file an appeal under the provisions of G. L. (Ter. Ed.) c. 59, § 65B, as added by St. 1938, c. 478, § 3, in that no part of said tax has been paid."

*A. W. Blakemore,* (*C. Hamilton* with him,) for the taxpayer.

*R. H. Hopkins,* Assistant Corporation Counsel, (*E. K. Nash,* Assistant Corporation Counsel, with him,) for the assessors.

QUA, J. This appeal is not properly before us. The petitioner has attempted to appeal to this court from an

order signed "Appellate Tax Board by Richard P. Staple-ton, Member" denying his petition apparently brought under G. L. (Ter. Ed.) c. 59, § 65B, inserted by St. 1938, c. 478, § 3, for leave to file an appeal to the board from the refusal of the assessors to abate a tax of more than $1,000. Leave was denied on the ground that the appeal which the petitioner sought to file showed on its face that the peti-tioner had not paid that part of the tax, payment of which is by § 65B made a condition of the filing of a petition for leave to appeal to the board under that section.

Appeals to this court from the Appellate Tax Board are limited by G. L. (Ter. Ed.) c. 58A, § 13, as amended, to appeals from "any decision of the board upon an appeal from a decision or determination of the commissioner [of corporations and taxation], or of a board of assessors," with an exception not here material. Whether the refusal of leave to file was in fact the act of the whole Appellate Tax Board or only of a single member of that board as expressly provided in c. 59, § 65B, plainly it was not a decision "upon an appeal from a decision or determination of the commissioner, or of a board of assessors." It was merely a decision that under the circumstances such an appeal could not be filed.

If the petitioner's petition to the Appellate Tax Board for leave to file his appeal from the assessors' refusal of an abatement was not intended to be brought under authority of G. L. (Ter. Ed.) c. 59, § 65B, but was intended to be rested upon some supposed right to compel the board to accept his appeal apart from that section, still the peti-tioner's right of appeal from the board to this court is necessarily bounded by the statute governing such appeals. He has no extra-statutory and anomalous rights of appeal.

*Appeal dismissed.*