NEW ENGLAND TRUST COMPANY, executor, *vs.* ASSESSORS OF BOSTON.

Suffolk. February 5, 18, 1941. — April 3, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Appellate Tax Board*, Appeal.

A bare claim of appeal from a decision of the Appellate Tax Board, without any assignment of error, did not comply with G. L. (Ter. Ed.) c. 58A, § 13, as amended, and brought nothing to this court.

APPEALS from a decision by the Appellate Tax Board.

Each appeal was in the following form: "Now comes the appellant . . . and claims an appeal from the decision of this board to the Supreme Judicial Court."

*W. F. Byrne,* (*E. S. Willis* with him,) for the taxpayer.

*R. H. Hopkins,* Assistant Corporation Counsel, for the Assessors of Boston.

*C. R. Branch & C. Ryan,* by leave of court, submitted a brief as *amici curiae.*

QUA, J.    This is an attempt to appeal from a decision of the Appellate Tax Board. Section 13 of chapter 58A of the General Laws (Ter. Ed.) defines and regulates such appeals. There is no right of appeal from the board to this court other than that created by this statute. *Hayward* v. *Assessors of Boston,* 304 Mass. 355. The section contains elaborate provisions governing the method of appeal. Among these provisions is this: "Each claim of appeal shall set out separately and particularly each error of law asserted to have been made by the board, with precise references to the portions and particulars of the proceedings before the board in which it is alleged that error of law occurred." Neither of the two appeals filed in this case complies with this requirement. Neither contains any assignment of error as required by the statute. It follows that the appeals are not properly before us.

Statutes relating to appellate procedure are always construed strictly. *Old Colony Street Railway* v. *Thomas,* 205 Mass. 529, 538. *Golden* v. *Crawshaw,* 302 Mass. 343, 344, and cases cited. "When definite provision is made by statute respecting the procedure for review by this court of decisions by other tribunals, there must be compliance with such provision." *Martell* v. *Moffatt,* 276 Mass. 174, 179. "An appeal not taken according to law is not rightly before us and cannot be considered." *Martin's Case,* 231 Mass. 402, 404. The statute is plain and positive. It contains no exceptions. We are not authorized to excuse compliance with it even in a case where the issues are simple and the grounds of appeal might be surmised without specification. The reasons for scrupulous observance

of statutory requirements relating to appeals are fully set forth by Chief Justice Shaw in *Bergen* v. *Jones,* 4 Met. 371.

At a time when an appellant from a Probate Court to this court was required by R. L. c. 162, § 10, upon the entry of his appeal to file "a statement of his objections to the act appealed from," this court held that failure to file the statement of objections was fatal to the appeal and left this court without jurisdiction to hear it. *Bartlett* v. *Slater,* 183 Mass. 152. *Hall* v. *Boynton,* 225 Mass. 438. See *Foss* v. *Atkins,* 193 Mass. 486, 487. And wherever assignments of error are required by statute or rule of court, whether in probate appeals, criminal appeals, or upon writs of error, the jurisdiction of the appellate court is uniformly limited to consideration of errors specifically assigned. *Boynton* v. *Dyer,* 18 Pick. 1, 4. *Murray* v. *Cangiano,* 228 Mass. 435, 438. *Hayden* v. *Keown,* 232 Mass. 259, 262. *Commonwealth* v. *McDonald,* 264 Mass. 324, 336. *Commonwealth* v. *Ventura,* 294 Mass. 113, 125. *Commonwealth* v. *DiStasio,* 297 Mass. 347, 349. *Dolan* v. *Commonwealth,* 304 Mass. 325, 346. To the same effect are *Sovereign Camp of the Woodmen of the World* v. *Jackson,* 97 Fed. 382, and *United States* v. *Golden,* 1 Fed. (2d) 543.

*Appeals dismissed.*