BOSTON FIVE CENTS SAVINGS BANK *vs.* ASSESSORS OF BOSTON.

Suffolk. February 9, 10, 1944. — February 8, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Taxation*, Appellate Tax Board: appeal. *Supreme Judicial Court*, Single justice. *Statute*, Construction.

A single justice of the Supreme Judicial Court sitting in a county court had the power under G. L. (Ter. Ed.) c. 58A, § 13, as amended, to dismiss an appeal from a decision by the Appellate Tax Board which had been entered in the county court but had not yet been transmitted to the full court and entered on its docket and was improperly on the files of the court because the claim of appeal had not been seasonably filed with the board.

A motion to dismiss is correct procedure to obtain the removal from the files of a county court of the Supreme Judicial Court of an appeal from a decision by the Appellate Tax Board improperly entered in

the county court because the claim of appeal had not been seasonably filed with the board.

Statutes relating to appellate procedure are to be construed strictly.

A claim of appeal from a decision by the Appellate Tax Board under the informal procedure was not seasonably filed with the board under G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 231, § 7, where it was filed more than twenty days after the date of the board's decision and the board had denied the appellant's request for a report of its findings of fact, although the claim of appeal was filed within twenty days after such denial.

Alleged hardship which might result from application of an unambiguous statute according to its plain meaning is not a ground for attributing a different meaning to the statute.

It was proper to dismiss a purported appeal from a denial by the Appellate Tax Board of the appellant's request for a report of its findings of fact in a case under the informal procedure, where the claim of appeal did not, as required by G. L. (Ter. Ed.) c. 58A, § 13, as amended, "set out separately and particularly" any "error of law asserted to have been made by the board" in the denial.

APPEAL from a decision by the Appellate Tax Board, filed in the Supreme Judicial Court for the county of Suffolk on July 2, 1943.

A motion to dismiss the appeal was heard by *Qua*, J.

*J. F. Sullivan*, for the taxpayer.

*J. J. Mahoney*, Assistant Corporation Counsel, for the Assessors of Boston.

FIELD, C.J. The Boston Five Cents Savings Bank, herein referred to as the taxpayer, appealed to the Appellate Tax Board under the informal procedure from an assessment on real estate in the city of Boston. G. L. (Ter. Ed.) c. 58A, § 7A, as appearing in St. 1935, c. 447, as amended by St. 1938, c. 384. See St. 1943, c. 282. After a decision by the Appellate Tax Board the taxpayer claimed an appeal therefrom to the Supreme Judicial Court. G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended by St. 1933, c. 350, § 8, St. 1935, c. 218, § 1, and St. 1939, c. 366, § 1. The board of assessors of the city of Boston filed a "motion to dismiss appellant's claim of appeal because of late filing." This motion was heard by a single justice of this court who found the following facts: "The decision of the board was made on May 21, 1943. On June 2, 1943, the appellant requested a report of the board's

findings. On June 4, 1943, the board denied the request. Not earlier than June 16, 1943, the appellant filed its claim of appeal with the clerk of the board." The single justice ruled "that since the claim of appeal was not filed with the clerk of the board within twenty days after the date of the decision of the board, and since there was no report of findings of fact, the appeal was not seasonably claimed in the manner required by G. L. (Ter. Ed.) c. 58A, § 13, as amended, and that the appeal is not properly before this court," and dismissed the appeal. The taxpayer excepted.

First. The taxpayer contends that the single justice was without jurisdiction to deal with the motion to dismiss the appeal. This contention cannot be sustained.

The applicable statutory provisions, contained in G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended, are as follows: "From any decision of the board upon an appeal from a decision or determination . . . of a board of assessors . . . an appeal as to matters of law may be taken to the supreme judicial court by either party to the proceedings before the board . . . . A claim of appeal shall be filed with the clerk of the board within twenty days after the date of the decision of the board, or within twenty days after the date of a report of findings of fact, if such report is made on request of a party after the decision; and within twenty days thereafter, or within such further time as the board may allow, the appealing party shall enter the appeal in said court, in the county where either party lives or has his usual place of business or in Suffolk county, and shall file with the clerk of said court a copy of the record before the board, shall serve by registered mail upon the adverse party a copy of the claim of appeal and a notice that he has entered said appeal and shall file an affidavit of such service with said clerk. . . . Upon the entry of the appeal it shall be heard and determined by the full court. Within ten days from the entry of the appeal in the supreme judicial court the appealing party shall give the clerk of said court an order in writing to print the record filed with him and the affidavit of service for transmission to the full court, and, thereupon, in

the manner provided in the second paragraph of section one hundred and thirty-five of chapter two hundred and thirty-one for carrying questions of law to the full court, the expense shall be estimated, notified to and paid by the appealing party, said record shall be printed and, together with any original papers, transmitted to the full court, and said appeal shall be entered on the docket of the full court. . . . For want of prosecution of an appeal in accordance with the provisions of this section the board, or, if the appeal has been entered in the supreme judicial court, a justice of that court, may dismiss the appeal."

By the terms of this statute an appeal from a decision of the Appellate Tax Board "may be taken to the supreme judicial court." The "supreme judicial court" for some purposes sits as a full court and for other purposes sits by a single justice. Compare G. L. (Ter. Ed.) c. 211, §§ 5, 17, 20. The statute governing appeals from decisions of the Appellate Tax Board for procedural purposes deals with the court in both of these aspects. Clearly an appeal is first entered in the county court, that is, in the Supreme Judicial Court sitting by a single justice. The duty of printing the record of the appeal for the full court is imposed upon the clerk of the county court. The record so printed, together with original papers, is to be transmitted by him to the full court in the manner provided by statute for the transmission of the record of a case heard and determined by a single justice. G. L. (Ter. Ed.) c. 231, § 135, as amended. Only when the record has been so transmitted is the appeal to be "entered on the docket of the full court." The statutory provision that "Upon the entry of the appeal it shall be heard and determined by the full court" must be read with the statutory provisions relating to procedure. This provision imports that the appeal is not to be heard and determined by a single justice. But it does not import that the appeal is to be heard and determined by the full court before the record has been "transmitted to the full court" and the appeal has been "entered on the docket of the full court." Prior to such transmission and entry the appeal clearly

is on the files of the county court, the Supreme Judicial Court sitting by a single justice.

The record discloses that the taxpayer's appeal was filed with the clerk of the county court, together with an affidavit of service of a copy thereof and notice of entry of the appeal. Thereupon the appeal was on the files of the county court. But if the claim of appeal was not seasonably filed with the Appellate Tax Board the appeal was not rightly on the files of the county court. The statutes relating to such appeals must be strictly followed. *New England Trust Co.* v. *Assessors of Boston,* 308 Mass. 543, 544–545. The motion of the board of assessors to dismiss the taxpayer's claim of appeal was directed to obtaining the removal from the files of the county court of matter that was not rightly there. A motion to dismiss such matter from the files of the court is correct procedure, even in the absence of express statutory authority therefor. See *Gallagher* v. *Atkins,* 305 Mass. 261, 263, and cases cited. Since the appeal was on the files of the county court and had not been transmitted to the full court, a single justice sitting in the county court had jurisdiction to order the appeal removed from the files of that court, if it was not rightly there. Compare Common Law Rule 33; 288 Mass. 569. This conclusion is in accord with the provisions of the governing statute regulating procedure upon appeals from the Appellate Tax Board and is not in conflict with the statutory requirement that "the appeal . . . shall be heard and determined by the full court." The appeal in the present case was not ripe for such hearing and determination. The express statutory provision authorizing a justice of the Supreme Judicial Court to dismiss an appeal for want of prosecution is in conformity with the view that procedural matters prior to the entry of an appeal upon the docket of the full court are within the jurisdiction of a single justice, whatever may be the power of the full court also to deal with such matters. This express statutory provision relating to the dismissal of an appeal for want of prosecution does not imply that a single justice is without jurisdiction to dismiss

an appeal that is not rightly upon the files of the county
court, even if this statutory provision is not to be inter-
preted as expressly conferring such jurisdiction upon a
single justice.

Second. The single justice was right in ruling that the
appeal in this case was not seasonably filed and that the
appeal was not properly before the court, and in ordering
the appeal dismissed.

Statutes relating to appellate procedure are to be con-
strued strictly. *New England Trust Co.* v. *Assessors of
Boston*, 308 Mass. 543, 544. The statute relating to the
time of filing a claim of appeal from the Appellate Tax
Board, G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St.
1933, c. 321, § 7, as amended, provides in part that a "claim
of appeal shall be filed with the clerk of the board within
twenty days after the date of the decision of the board,
or within twenty days after the date of a report of findings
of fact, if such report is made on request of a party after
the decision." A claim of appeal cannot rightly be filed
unless it comes within one or the other of these provisions
as to time of filing.

The claim of appeal in the present case upon the merits
was not "filed . . . within twenty days after the date of
the decision" upon the merits of the case, promulgated
May 21, 1943. Nor was the claim of appeal filed "within
twenty days after the date of a report of findings of fact"
by the board, as authorized by the alternative provision.
No such report was made although the taxpayer requested
such a report. The request was denied and the claim of
appeal was filed within twenty days after the date of such
denial. The taxpayer contends that such filing was season-
able. This contention cannot be sustained.

Such filing was not within the express language of the
alternative statutory provision relating to the time of filing
a claim of appeal. By the language of this alternative pro-
vision the period of time within which a claim of appeal
must be filed runs from the "date" of a "report of findings
of fact," and this language clearly imports that the exist-
ence of such a report is an essential condition of the appli-

cation of this alternative provision. Even more clearly the provision making this alternative provision applicable "if such report is made on request of a party after the decision" imports that this alternative provision is not applicable if no such "report" is "made." Moreover, only such a report "made on request of a party" — not a report made voluntarily by the board — renders this alternative provision applicable. This alternative provision refers both to a "report" "made" and to a "request" for such a "report." But it is the "report" "made" and not merely the "request" for such a "report" that the statutory language makes prerequisite to the application of the alternative provision extending the time for claiming an appeal. Furthermore, the language of the provision cannot rightly be construed as meaning that the denial of a "request" for a report is itself a "report" "made on request of a party." Such a denial is the antithesis of a "report." A party does not request a denial of a report. A report is "made" only if the request for a report is granted. The natural construction of the language of the alternative provision is that the extension of time for claiming an appeal, beyond the period of "twenty days after the date of the decision," provided for thereby is operative only when a report is actually made upon request. If the Legislature had intended that the time for claiming appeal, when a report of findings of fact is requested by a party and the request is denied, should run from the date of the denial of the request, it could readily have made such a provision. It did not do so, but instead used language indicating a contrary intention.

The provision limiting the time for filing a claim of appeal is applicable to both formal and informal procedure, without indication of any difference in meaning. A provision for filing a claim of appeal within twenty days — or any other period — after the denial of a request for a report of findings of fact under formal procedure would be inconsistent with other provisions of the statute applicable to formal procedure. Under those provisions the making of such a report upon seasonable request therefor is mandatory. See G. L. (Ter. Ed.) c. 58A, § 13, as appearing in

St. 1933, c. 321, § 7, as amended. A provision limiting the time for filing a claim of appeal to a fixed period after a denial of a request for a report might seem to be a recognition of the propriety of denying such a request, although another provision of the statute positively requires such a report. The Legislature apparently assumed that the mandatory provision would be complied with, and left a prospective appellant to such remedy for noncompliance as general principles of law would afford. It is wholly a matter of conjecture whether, if the Legislature had seen fit to provide expressly a remedy for noncompliance, it would have provided the remedy of extending the time for filing a claim of appeal — a somewhat inadequate remedy — rather than some other remedy. We cannot assume that the failure to provide expressly this particular remedy was not intentional. But whether the failure to provide expressly this particular remedy was intentional or inadvertent, the court cannot supply the remedy. See *King* v. *Viscoloid Co.* 219 Mass. 420, 424; *Mitchell* v. *Mitchell*, 312 Mass. 154, 161.

Since the provision limiting the time for filing a claim of appeal is the same whether applied to the formal procedure or to the informal procedure, it should naturally be given the same meaning in its application to the informal procedure as in its application to the formal procedure. But the statutes relating to the informal procedure differ from those relating to the formal procedure, in that under the informal procedure the making of a report of findings of fact, although seasonably requested, is discretionary with the board. That the making of such a report is discretionary is shown by the provision in G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended: "Except in cases heard under the informal procedure . . . the board shall make such findings and report thereon if so requested by either party within ten days of a decision without findings of fact." [1] Moreover, the discretion-

---

[1] Prior to the passage of St. 1933, c. 321, there was no provision for informal procedure. Such a provision was first made by said c. 321, which by § 3 thereof inserted in G. L. (Ter. Ed.) c. 58A a new section, § 7A, providing for the informal procedure. And prior to the passage of said c. 321 the board

ary nature of such findings of fact and report thereon under
the informal procedure is not affected by the provision
relating to appeal to this court under the informal procedure.
Under these provisions there is no right of appeal "except
upon questions of law raised by the pleadings or by an
agreed statement of facts or shown by the report of the
board." G. L. (Ter. Ed.) c. 58A, § 7A, as appearing in
St. 1935, c. 447, as amended. This provision for a right
of appeal upon questions of law "shown by the report
of the board" does not import that there must necessarily
be such a report. It is applicable only in the event that
there is such a report. The fact that under the infor-
mal procedure — unlike the formal procedure — a report of
findings of fact is discretionary with the board, although
such a report is seasonably requested, does not furnish a
sufficient ground for interpreting the provision relating
to the time of filing a claim of appeal differently in its
application to the informal procedure than in its application
to the formal procedure.

The argument of the taxpayer for reading into the stat-
ute, as applicable to the informal procedure, a provision
permitting the filing of a claim of appeal "within twenty
days" after the denial of a request for a report of findings
of fact rests, in substance, upon the ground that if such a
provision is not read into the statute injustice, hardship,
inconvenience and uncertainty — in a broad sense hard-
ship — will result. Although this consideration is entitled
to weight where the meaning of a statute is doubtful, it is
not entitled to weight where, as here, there is no ambiguity
in the language of the statute. The language of the specific
provision limiting the time of filing a claim of appeal is
not ambiguous, and there is nothing in the context of this
specific provision indicating a legislative intention to permit
the filing of a claim of appeal "within twenty days" — or

was required, with an exception not here material, to "make findings of fact
and a decision in each case before it, and report thereon, in writing." G. L.
(Ter. Ed.) c. 58A, § 13. By said c. 321, § 7, c. 58A was amended by substi-
tuting a new § 13 under which such findings of fact and report are discre-
tionary in the first instance although under the formal procedure they are
required if seasonably requested, as appears from the language of the statute
quoted in this opinion.

any other period — after the denial of a request for a report of findings of fact, when the twenty-day period "after the date of the decision of the board" has expired. The words of a statute are not to "be stretched beyond their fair meaning in order to relieve against what may appear to be a hard case." *Grove Hall Savings Bank* v. *Dedham*, 284 Mass. 92, 96. What "may appear to be a hardship and inequitable may be considered only where the construction is doubtful." *Tilton* v. *Haverhill*, 311 Mass. 572, 578.

Moreover, the argument on the ground of hardship is not strong. The limited right of appeal and the discretionary report of findings of fact are incidents of the informal procedure, which the parties elect when they waive the formal procedure, in which the right of appeal is not so restricted, a report of findings of fact, if seasonably requested, is mandatory, and a claim of appeal may be filed "within twenty days after the date" of such report. Hardship, if any, resulting from the failure of the Legislature to permit the filing of a claim of appeal within twenty days after the date of denial of a request for a report, could be guarded against by such party not electing the informal procedure. Furthermore, even under the informal procedure the risk of hardship is not great. No hardship will result if the appealing party desires or intends either to present only "questions of law raised by the pleadings or by an agreed statement of facts" or to present only questions of law "shown by the report of the board." In neither event is the time for filing a claim of appeal uncertain or unduly limited. The only situation in which any uncertainty would arise would be the situation where the appealing party desires or intends to present both questions of law "raised by the pleadings or by an agreed statement of facts" and questions of law "shown by the report of the board." In this situation it might become necessary for the appealing party, in order to protect his right of appeal, to file a claim of appeal within "twenty days after the date of the decision" and, if a report was made after the expiration of this period, to file another claim of appeal. The time allowed for perfecting appeals, however, is so

long that it is unlikely that any inconvenience in the matter of perfecting the appeal would result except possibly where there was unusual delay in making a report of findings of fact. See G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended. On the other hand, if the request for such a report was denied, no further inconvenience would result. There would be merely uncertainty as to whether any further steps need be taken. The remote possibility of the comparatively slight hardship here described is not a. sufficient reason for stretching the meaning of the unambiguous language of the statute.[1] The conclusion is irresistible that there cannot rightly be read into the statute a provision allowing the filing of a claim of appeal within twenty days after the date of the denial of a request for a report of findings of fact, where the twenty-day period after the date of the decision appealed from has expired, and consequently that the claim of appeal here in question was not filed seasonably.

The taxpayer relies upon *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 313 Mass. 762, for support of its contention that a claim of appeal is filed seasonably if filed within twenty days after the denial of a request for a report of findings of fact. In that case, under the informal procedure, the record disclosed that a claim of appeal was not filed "within twenty days after the date of the decision of the board," but that a report of findings of fact was requested by the taxpayer and was denied by the board, and that a claim of appeal was filed within twenty days after the denial of the request. The question whether the claim of appeal from the decision of the board was seasonably filed was not raised by the parties. Nor

[1] It is to be observed that the taxpayer in the present case did not suffer the slight possible hardship here described. The taxpayer's request for a report of findings of fact was denied on June 4, 1943, and, since the date of the decision appealed from was May 21, 1943, the twenty-day period thereafter for filing a claim of appeal did not expire until June 10, 1943. Moreover, a request for a report of findings of fact must be made "within ten days of a decision without findings of fact" (G. L. [Ter. Ed.] c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended), and the request in this case was not made until June 2, 1943, more than ten days after the decision appealed from, and consequently was not made seasonably. The request for a report may have been denied for the reason that it was not seasonably made.

was it discussed by the court although the court might have considered the question on its own motion. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 495. The case was decided against the taxpayer on the ground that there was no effective appeal by the taxpayer to the board from the refusal of the assessors to abate the tax in question. The practical result would have been the same in any event. In these circumstances the case cannot be treated as authority for the proposition that the claim of appeal from the decision of the board was filed seasonably. See *Giarruso* v. *Payson*, 272 Mass. 417, 421–422. Nor does the case of *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 311 Mass. 415, under the informal procedure, where there was a report of findings of fact upon request of the taxpayer and an appeal within twenty days thereafter, aid the taxpayer.

Third. The claim of appeal in the present case, filed on June 18, 1943, purported to be a claim of appeal not only from the decision of the Appellate Tax Board upon the merits of the case, made on May 21, 1943, but also from the denial on June 4, 1943, of the taxpayer's request for a report of findings of fact. When the claim of appeal was filed, however, the twenty days after "the decision of the board" upon the merits of the case had expired so that, for reasons already stated, the claim of appeal from the decision on the merits was not seasonably filed and was rightly dismissed by the single justice. The claim of appeal, however, was filed within twenty days after the denial of the request for a report of findings of fact. We do not decide whether in any circumstances an appeal would lie from such a denial. But this claim of appeal did not, as required by the governing statute (see G. L. [Ter. Ed.] c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended), "set out separately and particularly" any "error of law asserted to have been made by the board" with respect to the denial of the request for a report of findings of fact. (Indeed, the taxpayer rightly makes no contention that there was error of law in such denial, since it concedes that the making of such a report was discretionary.) The purported claim of

appeal from the denial of the request for a report, therefore, was not rightly on the files of the county court. For this reason, if not for other reasons, it was not error for the single justice to dismiss the appeal as a whole, although it purported to include an appeal from the denial of the request for a report of findings of fact.

*Exceptions overruled.*
*Appeal dismissed.*