LOUVRE, INC. *vs.* ASSESSORS OF BOSTON. March 8, 1946. Appeal to the Appellate Tax Board dismissed. This is an appeal by Louvre, Inc., herein referred to as the taxpayer, from a decision of the Appellate Tax Board, herein referred to as the board. The taxpayer applied in writing to the assessors of the city of Boston for abatement of a tax upon certain real estate in said city. The assessors failed to act upon this application within four months from the date of its filing and consequently it was deemed to be refused. See G. L. (Ter. Ed.) c. 59, § 64, as amended. The taxpayer, in accordance with the provisions of G. L. (Ter. Ed.) c. 59, § 65B, inserted by St. 1938, c. 478, § 3, duly filed with the board a petition for leave to file an appeal. This petition was heard by a single member, as provided by the statute, and an order was entered on March 27, 1944, granting "leave to file such appeal within ten days from the entry of this order" upon certain conditions. No such appeal was filed with the board until April 10, 1944. The assessors moved to dismiss this appeal. This motion was allowed by the board and the appeal dismissed, and the taxpayer appealed from this decision to this court. There was no error. General Laws (Ter. Ed.) c. 59, § 65B, provides that a single member of the board "may, by order, grant leave to such petitioner to file such appeal, within ten days from the entry of said order, upon such conditions as may be imposed therein." Apart from the order of the single member under this statute, the taxpayer had no right to file the appeal. The statute gave no authority to a single member to grant leave to file the appeal after the expiration of ten days from the date of the order granting such leave, and the single member did not purport to do so. The appeal of the taxpayer filed more than ten days thereafter had no standing and could be given none by the board either as matter of right or as matter of discretion. The statute must be strictly followed. The appeal was not rightly on the files of the board and was properly removed therefrom by the allowance of the motion to dismiss. See *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 317 Mass. 694, 696.

The case was submitted on briefs.

*H. Sesnovich*, for the taxpayer.

*W. S. Casey*, Assistant Corporation Counsel, for the assessors.