WILLIAM RODMAN & SONS, INC. *vs.* STATE TAX COMMISSION.

Suffolk.    December 4, 1973.—February 6, 1974.

Present:    TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Appellate Tax Board,* Appeal.

A claim of appeal under G. L. c. 58A, § 13, filed more than twenty days after the Appellate Tax Board issued its findings of fact and report pursuant to request of a party following a decision by it was not seasonably filed, and the appeal must be dismissed; the board had no power to extend the time for filing the claim even on a motion made within such twenty days; nor was there any merit in a contention that the period for filing the claim began to run on a date, after the expiration of such twenty days, when the board denied a motion to "correct" the findings of fact and report. [558-560]

William Rodman & Sons, Inc. *v.* State Tax Commission.

APPEAL from a decision by the Appellate Tax Board.

*Samuel Leader* for the taxpayer.

*Robert H. Quinn,* Attorney General, *Walter H. Mayo, III,* Assistant Attorney General, & *Joseph A. Grasso, Jr.,* Legal Assistant to the Attorney General, for the State Tax Commission, submitted a brief.

REARDON, J. The Commissioner of Corporations and Taxation (Commissioner) assessed additional cigarette excises under G. L. c. 64C, against William Rodman & Sons, Inc. (Rodman) for the period May, 1971, through May, 1972. The excises sought were in the amount of $87,152.10, including $4,233.22 in interest. The State Tax Commission (Commission) thereafter denied Rodman's petition to abate the excises. An appeal was taken to the Appellate Tax Board (Board) under formal procedure and the Commission filed an answer with the Board on November 13, 1972. Thereafter, on March 23, 1973, the Commissioner notified Rodman that the August 30, 1972, bill for the excises had been voided and that a new bill would be forwarded following an assessment pursuant to G. L. c. 64C, § 7. There followed a motion by the Commission to dismiss on various grounds, including the voiding of the tax bill. The hearing on this motion was held on April 9, 1973, and on April 13, 1973, the Board allowed the motion to dismiss without prejudice. Rodman thereafter filed a request for findings of fact and report, which the Board made together with an opinion filed on May 8, 1973. On May 29, 1973, the Board allowed Rodman's motion to extend the time for filing a claim of appeal to this court to and including June 8, 1973. The claim of appeal was filed on June 4, 1973, by Rodman.

We dispose of this matter under the relevant statute, G. L. c. 58A, § 13, as amended through St. 1969, c. 692, which reads in part as follows: "A claim of appeal shall be filed with the clerk of the board within twenty days after the date of the decision of the board, or within twenty days after the date of a report of findings of fact, if such report is made on request of a party after the decision; and within twenty days thereafter, or within such further time as the board may

allow, the appealing party shall enter the appeal in said court.'' We are bound by the chronology in this case which·is as follows:

April 13, 1973, Board decision to dismiss without prejudice;

April 23, 1973, Request for findings of fact and report;

May 3, 1973, Twenty day period after decision expired;

May 8, 1973, Board findings of fact and report issued;

May 18, 1973, Rodman's motion to "correct" findings of fact and report filed;

May 23, 1973, Rodman's motion to extend time for filing appeal until ten days after Board action on motion to "correct" findings of fact and report filed;

May 28, 1973, Twenty day period after issuance of findings and report expired;

May 29, 1973, Motion to "correct" findings of fact and report denied;

May 29, 1973, Motion to extend time for filing appeal to and including June 8, 1973, allowed;

June 4, 1973, Appeal filed.

From the above it is clear that the claim of appeal was filed following the expiration of the latest twenty day period and, construing the statute strictly, was hence overdue. That the Board purported to allow a motion to extend the time for claiming an appeal, which motion was filed within the proper period, is of no moment because the Board was without power to grant the extension sought. To be distinguished is the fact that the Board is given authority by the statute to extend the time allowed for entering the appeal in the court as opposed to the time allowed for *claiming* the appeal by filing with the Board. The Legislature has seen fit to vest the first power in the Board and not the second.

We are not deterred from our conclusion by the contention that the twenty day period should commence on May 29, when Rodman's motion to "correct" the findings of fact and report was denied. Although it might be argued that the report was not complete until that date, we do not recognize any such motion to "correct" as having force and validity in

this situation. The critical events which set the time periods running are specified unambiguously in the statute. In *Boston Five Cents Sav. Bank* v. *Assessors of Boston,* 317 Mass. 694, 699-700 (1945), it was held that a claim of appeal filed within twenty days after the denial of a request for a "report of findings of fact" did not come within the proper period, and in that case, in the absence of any "report of findings of fact," the twenty days after the decision would define the relevant deadline. To allow the proper period to be varied by placing in the hands of the litigant taxpayer the power to extend it at will by such a motion would be contrary to the policy of time limits on appeals implied and stated in the statute.

The findings of fact and report in this case had been made and the statute refers to that event and to no other. Appellate procedures are to be strictly construed. *New England Trust Co.* v. *Assessors of Boston,* 308 Mass. 543 (1941). We have hitherto held that there is no right of appeal from the Board to this court other than that created by statute, *Hayward* v. *Assessors of Boston,* 304 Mass. 355, 357 (1939), and it was said in the *New England Trust Co.* case by Chief Justice Qua that "[s]tatutes relating to appellate procedures are always construed strictly." 308 Mass. 543, 544. *Golden* v. *Crawshaw,* 302 Mass. 343, 344 (1939), and cases cited. It follows that an appeal "not taken according to law is not rightly before us and cannot be considered." *Martin's Case,* 231 Mass. 402, 404 (1918). The statute we construe here is clear and unambiguous. It does not lie within our power to provide the excuse for those who fail to comply with it.

*Appeal dismissed.*